GAUDIN, Judge.
Appellant is Charles McKenzie, a former deputy sheriff in St. Charles Parish, whose petition for workmen’s compensation benefits was dismissed in the 29th Judicial District Court. We affirm.
McKenzie injured his foot on May 15, 1987 while investigating a burglary. He underwent surgery and he alleged in his petition that he “... is totally and permanently disabled from the performance of his trade and occupation.”
Sheriff Johnny Marino filed exceptions, then McKenzie filed a supplemental and amended petition. The sheriff excepted again. The district judge maintained the exceptions of no cause of action and gave McKenzie 60 days to further amend his pleadings.
Rather than filing another amending petition, McKenzie appealed to this Court (89-CA-420). The request for writs was dismissed because 60 days hadn’t passed and therefore the district court decree wasn’t final. 554 So.2d 803.
The sheriff, in district court, then moved to dismiss McKenzie’s claims. A hearing was held on May 17, 1990 and McKenzie given an additional 15 days to amend. By June 14th, the plaintiff hadn’t amended and his case was dismissed. From this dismissal, McKenzie appeals.
Following his injury, McKenzie was paid his full salary and medical expenses until *507 the deputy voluntarily resigned from the sheriffs office on June 3, 1988.
The issues, according to appellant, are:
(1) Is he legally entitled to workmen’s compensation benefits?
(2) Assuming that he is, does this remedy terminate with his voluntary resignation?
For the following reasons, we find that the trial judge correctly maintained the exception of no cause of action. McKenzie, as a deputy, was and is excluded from workmen’s compensation benefits by LSA-R.S. 23:1034(B). The fact that Marino voluntarily paid McKenzie’s salary and medical bills after the May 15, 1987 injury did not constitute or establish workmen’s compensation coverage and does not entitle McKenzie to continue receiving these benefits after his voluntary resignation.
Under Section C of 23:1034, any political subdivision may, in its own discretion and using its own funds, provide workmen’s compensation protection for deputy sheriffs and others statutorily excluded. Here, there was no showing that either Marino or St. Charles Parish established a workmen’s compensation fund or plan for deputies.
We affirm the district judge’s dismissal with appellant to bear costs of this appeal.
AFFIRMED.