646 So.2d 1142 (1994)
Gerard LUCCIA
v.
Tim CUMMINGS, et al.
No. 94-CA-416.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 1994.
Writ Denied February 3, 1995.
*1143 William E. Mura, Jr., New Orleans, for plaintiff-appellant.
Terry Christovich Gay, Christovich & Kearney, New Orleans, for defendants-appellees.
Before KLIEBERT, GAUDIN and GRISBAUM, Jr.
GAUDIN, Judge.
Can the East Jefferson Levee District be held primarily or vicariously liable when one of its off duty officers, hired as a bouncer and peace-keeper by a nightclub, physically attacks and injures another nightclub employee at the nightclub? A judge in the 24th Judicial District Court said no. We affirm.
Here, levee district officer Terry Cummings was hired by the Bounty Restaurant and Lounge to watch the front door and, generally, to keep order. Although in his levee district police uniform, Cummings was off duty and was not performing any function within the course and scope of his levee district employment. He was being paid by the Bounty.
The Bounty's doorman, Gerard Luccia, accidently caused ice from a glass to spill onto Cummings' lap. Cummings reacted by picking up a beer bottle by the neck and breaking part of the other end off. He then approached and cut Luccia in the left knee. Suit was subsequently filed against various named defendants, including the levee district and its insurer, Imperial Casualty and Indemnity Company.
*1144 The levee district and Imperial filed a motion for summary judgment, asking that they be dismissed from the litigation. Admittedly by all parties, there was and is no factual dispute. Finding that movers were entitled to dismissal as a matter of law, the trial judge granted the motion.
On appeal, Luccia contends that there are disputed issues of law and fact precluding summary judgment. He argues that Cummings abused the apparent authority given him by the levee district and that the levee district was negligent in its hiring practices.
We cannot agree. The legal cause of Luccia's injury was tortious conduct by Cummings, who was clearly outside the course and scope of his employment, who was not in any conceivable way furthering his employer's business and who was certainly not engaged in any law enforcement activity when Luccia was cut. This incident occurred after working hours.
In LeBrane v. Lewis, 292 So.2d 216 (La.1974), and in other later cases, including Washington v. Reed, 624 So.2d 465 (La.App. 2 Cir.1993), four factors are listed for courts to consider when determining whether an employee's action falls within the course and scope of his or her employment. Some or all of the following must be present: (1) the act was primarily employment rooted, (2) the act was reasonably incidental to the performance of the employee's duties, (3) the act occurred within normal work hours and (4) the act occurred on the employer's premises. None of these factors are present in the Cummings-Luccia situation.
Prior to being hired by the levee district, Cummings attended and was certified by the police academy. He had previous work experience as a police officer with the Orleans Parish Levee Board and with the City of Harahan Police Department. Cummings came highly recommended and, once hired by the East Jefferson Levee District, he was placed on six months' probation. He successfully served the probationary period without any citizen complaints.
We have carefully examined the cases cited by appellant, including Roberts v. Benoit, 605 So.2d 1032 (La.1991), and we are unaware of any basis for imposing primary liability under LSA-C.C. art. 2315 or vicarious responsibility under LSA-C.C. art. 2320 on the levee district or its insurer, under the facts and circumstances of this case.
Finally, we note this. Cummings was in police uniform but this does not by itself establish proof that he was in the course and scope of his levee district employment. In Washington v. Reed, supra, the Court said at page 469 that the sole fact that an officer "... was dressed in his employment uniform does not create a material issue of fact ..."
The appealed-from motion for summary judgment is affirmed with Luccia bearing the costs of this appeal.
AFFIRMED.