JiCIACCIO, Judge.
This suit arose out of a collision on February 14, 1995 between a taxicab driven by Raymon Perry Russo and a bicycle being operated by David Hendricks. Hendricks sued Russo[1] and United Cabs, Inc. and its insurer as the alleged employer of Russo. In response to this petition, United Cabs filed a motion for summary judgment contending that they were not the employer of Russo, and they were therefore not responsible for his actions. The trial court granted the summary judgment and dismissed plaintiffs cause of action against United Cabs. It is from this judgment that plaintiff now appeals.
Plaintiff argues on appeal that summary judgment is inappropriate in this case as there exists a material issue of fact regarding whether Raymon Russo was an employee of United Cabs. Plaintiff contends that the existence of an employment relationship is a question of fact to be decided after a trial on the merits.
Summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, show there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Article 966 was recently amended to provide that the summary judgment procedure is favored in ^Louisiana courts and is designed to secure the speedy, just and inexpensive determina *611 tion of every action. The burden of proof on a motion for summary judgment remains ■with the mover, however, but once the mover meets his burden of proof, the amendment to this article requires the non-moving party to submit evidence showing the existence of specific facts establishing a genuine issue of material fact. See, Short v. Giffin, 96-0361 (La.App. 4 Cir. 8/21/96) 1996 WL 478111; 682 So.2d 249.
Under the doctrine of respondeat superior expressed in LSA-C.C. article 2320, “[mjasters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the function in which they are employed.” A principal may be liable for an agent’s actions; however, a principal is not liable for any actions by an independent contractor. ■ It is therefore crucial to determine whether Russo was an employee of United Cabs or was an independent contractor.
The right of control and supervision, selection and engagement, payment of wages, and the power of dismissal determines whether an “employee” status exists. Urbeso v. Bryan, 583 So.2d 114, 117 (La.App. 4 Cir.1991) (citations omitted.) The most important test involves the employer’s control over the work. Id.
United Cabs contended in the trial court proceedings that Raymon Russo was not an employee of United Cabs. They argued that although Russo drove a taxicab bearing the United Cabs logo and colors, United Cabs did not own the taxicab which Russo was operating. In addition, United Cabs did not obtain the necessary license to permit Russo to operate a taxicab in the City of New Orleans. Further, they stated that no compensation was paid to Russo by United Cabs. In support of this position, United Cabs submitted the affidavit of | gVictor Ruffi-no, the general manager of United Cabs, who attested to the facts asserted by defendant.
In opposition to the motion for summary judgment, plaintiff attached the deposition of Victor Ruffino, who stated that all taxicabs that operate in the City of New Orleans are required to be affiliated with a taxicab line, such as United Cabs. Any cab associated with United Cabs must bear United’s colors, name and telephone number. United Cabs collects insurance fees to secure a group rate for the taxicab drivers and dues to cover the cost of the radio dispatch service provided by United. Ruffino stated that all taxicab owners are required to obtain a Certificate of Public Necessity and Convenience in order to operate a taxicab with the city. United Cabs has an oral agreement with the CPNC holders to maintain insurance with the specified insurance company, and the insurer can refuse to provide insurance to certain drivers. Ruffino also stated that United Cabs maintains a disciplinary board which is vested with the power to discipline the taxicab owners and drivers associated with United Cabs. Plaintiff argues that these facts conclusively establish that United Cabs exercised a degree of control over the taxicab drivers sufficient to constitute an employment relationship.
The trial court apparently concluded that plaintiff had failed to meet its burden of proving the existence of an employment relationship between Russo and United Cabs. We have thoroughly reviewed the record before us, and conclude that the evidence presented supports the trial court’s determination.
The record indicates that although the taxicab drivers were required by city ordinance to be affiliated with a taxicab line, this affiliation did not constitute an employment relationship. The taxicab drivers owned and maintained their own vehicles. They were responsible for obtaining the ^necessary license to operate the taxicab within the city, and the owners of the cabs paid for their own insurance, although they were able to obtain a group rate through the affiliation with United Cabs. The drivers determined their own schedules and hours, and also determined which fares to accept. Although the drivers could utilize the radio dispatch service provided by United Cabs, they were free to pick up additional fares at their own discretion. The taxicab drivers did not receive a salary or other compensation from United Cabs, but were paid directly by their customers. The drivers were then required to pay dues and insurance fees to United.
*612 Under the facts presented here, we conclude that United Cabs failed to exercise sufficient control and direction over Raymon Russo’s work so as to constitute an employment relationship. The facts presented indicate that Russo was an independent contractor utilizing the name and dispatch service provided by United Cabs. As Russo was not an employee of United Cabs, as a matter of law, United Cabs cannot be held liable for Russo’s actions. Accordingly, the ruling of the trial court granting summary judgment in favor of United Cabs, Inc., dismissing plaintiffs petition against them is hereby affirmed. Plaintiff shall bear all costs of this appeal.

AFFIRMED.

. Although plaintiff named as defendant both Raymon Russo and Perry Russo, the owner and driver of the taxicab at the time of the accident herein was an individual by the name of Raymon Peny Russo.