JiDUFRESNE, Judge.
This is an appeal by Michael P. Vetra, plaintiff-appellant, from a summary judgment in favor of Jefferson Parish Sheriff Harry Lee, defendant-appehee, in this third-party intentional tort action. For the following reasons, we affirm that judgment.
The facts of the incident underlying this suit are straightforward. Plaintiff was at “Zee’s” lounge on January 29, 1993, when an altercation broke out among several other patrons. One of these people, David Heffker, allegedly went out to his truck, got a shotgun from it, and returned to the lounge. It appears that Vetra opened the door as Heffker was about to enter, and Heffker shot him in the face. Vetra originally sued the owners of the lounge and their insurer.
*1053 By amended petition he named Sheriff Harry Lee as an additional defendant. The allegations as to the Sheriff were that prior to the night of the incident the lounge owners had hired Jefferson Parish sheriffs deputies to work details at the dub. It was farther alleged |2that the detail deputy failed to appear timely on the night in question, and as a result the injury to plaintiff occurred. The Sheriff urged a motion for summary judgment asserting that no arrangements had been made for details with his “Public Assignments Office” until a week after the incident, that his office thus had nothing to do with the incident, and that he therefore could not be hable in the ease. After submission of the matter, judgment in favor of the Sheriff was rendered, and plaintiff now appeals that judgment.
Articles 966 and 967, of the Code of Civil Procedure set forth the manner in which motions for summary judgment are urged. The basic requirements for granting such relief are that there are no material facts in dispute, and that the moving party is entitled to judgment as a matter of law. Procedurally, the moving party shall produce affidavits, depositions, answers to interrogatories and admissions to show the absence of any disputed material fact. Upon such a showing, the opposing party can not merely rely on the allegations and denials in his pleadings, but must come forward with his own affidavits and other supporting papers.
In the present case, the Sheriff offered the deposition testimony of John Meeks, Jr., a deputy who had worked several details at the club beginning after the shooting. This deponent said that to his knowledge, he was the only deputy to work any details at the club. He further explained that details are handled through the Public Assignments Office, and that each officer doing details periodically submits to the office a “Public Assignments Detail Report Sheet” [gshowing dates and hours worked. The sheriff’s department is paid by the submitting deputy an administrative fee of $1.00 per hour for the time worked. In response to discovery, the Sheriff also produced all time sheets for “Zee’s” between July, 1992 and April, 1993, and these sheets confirmed Meeks’ testimony that the only details handled through the Public Assignments Office were in February, 1993, the month after the shooting.
In response, plaintiff produced an affidavit from Myriam Cheramie, the club manager, in which she said that she was approached by unnamed Jefferson Parish sheriff’s deputies sometime in December, 1992, about hiring details. She further stated that she agreed to this and the deputies were paid in cash after each detail. She finally said that on the night of the shooting, the detail deputy did not arrive at the agreed time, and it was during his absence that the incident occurred. She did not aver that she had at any time contacted the sheriffs office or the Public Assignments Office, nor did she deny that officially sanctioned details did not begin until February as shown in the Sheriff’s papers.
The above evidence of record thus shows that it is unrefuted that no official detail was provided by the Sheriff until February, 1993. The only disputed facts are whether Meeks was the only deputy to work post-incident details at the club, as he represented in deposition, or whether other deputies had been hired outside of proper channels and failed to report timely for the detail in question, as stated by Ms. Cheramie. Because this matter is before us on summary judgment, we Umust accept as true plaintiff’s version of events as given in the affidavit of the latter witness.
However, even accepting as true Ms. Cher-amie’s rendition of events, those facts do not, as a matter of law, establish liability on the part of the Sheriff. In Luccia v. Cummings, 94-416 (La.App. 6th Cir. 11/16/94), 646 So.2d 1142, this court had before it almost identical facts to the present ease. There, an off-duty, but uniformed, Levee Board officer was hired for a night-club detail, and injured a coworker during a scuffle. Summary judgment was granted in the district court in favor of the Board, and plaintiff appealed. In affirming that judgment, the court re-iterated the well established four part analysis of employer liability for acts of employees under La. Civ.Code, Art. 2320. Before it can be concluded that an employee’s actions fall within the course and scope of his employment, a *1054 finding essential to imposition of vicarious liability on an employer, at least some of the following factors must be present: 1) the act was employment rooted, 2) the act was reasonably incidental to the performance of the employee’s duties, 3) the act occurred within normal working hours, and 4) the act occurred on the employer’s premises. The court found that the undisputed facts of record failed to establish any of these factors, and therefore that no vicarious liability could attach to the employer.
In the present matter, we reach a similar conclusion. The act of negligence alleged here is that an off-duty officer working a private detail, with neither the knowledge nor consent of his employer, was Ríate for that job. Like the Luccia court, we find that these facts do not establish any of the four factors of the above analysis, and therefore that no liability can attach to the Sheriff under La.Civ.Code, Art. 2320.
Plaintiff argues that because the officers are allowed to work details in full uniform, that this fact somehow creates apparent authority to act for the Sheriff. This argument was also raised and rejected in Luccia, supra, and we find no reason to reach a different result here.
For the foregoing reasons, the judgment in favor of Harry Lee, Sheriff of Jefferson Parish, dismissing plaintiff’s claims against him, is hereby affirmed.

AFFIRMED.