720 So.2d 835 (1998)
Steven A. KAUFMAN
v.
CITY OF NEW ORLEANS.
No. 98-CA-443.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 1998.
Rehearing Denied November 23, 1998.
Jerald N. Andry, Ellen E. Roniger, New Orleans, for Appellant.
Christopher M. Landry, William C. Cruse, Metairie, for Appellee.
Before GRISBAUM, J., and CURRAULT and WICKER, JJ. Pro Tem.
THOMAS C. WICKER, Jr., Judge Pro Tem.
Steven A. Kaufman appeals the dismissal of his claim against the New Orleans Aviation Board for worker's compensation benefits. We affirm.
*836 Kaufman, a Jefferson Parish sheriff's deputy, was working a security detail at New Orleans International Airport on June 2, 1995. During the course of his shift he slipped and fell on an oily substance. He sustained back injury that ultimately required double-fusion surgery. The medical testimony is uncontroverted that he has been totally disabled since the accident. We affirm.
Kaufman filed a Disputed Claim for worker's compensation against the New Orleans Aviation Board (NOAB), which owns the airport, and against the Jefferson Parish Sheriff's Office (JPSO). The Office of Worker's Compensation (OWC) rendered judgment in favor of the defendants, finding that Kaufman was an employee of the Jefferson Parish Sheriff's office on June 2, 1995 and "should be treated the same as any other Jefferson Parish Sheriff's Office sheriff's deputy, who is injured during the course and scope of his employment"; that Kaufman was working as a sheriff's deputy at the time and is excluded from coverage under the Louisiana Workers' Compensation Act, in accordance with La. R.S. 23:1034; and that Kaufman was not an employee of the New Orleans Aviation Board on June 2,1995.[1]
On appeal plaintiff assigns the following errors:
1. The lower court was manifestly erroneous when it held that the appellant was in the course and scope of his employment by the Jefferson Parish Sheriff's Office at the time of his injury and, as such, was not an employee of the New Orleans Aviation Board.
2. Alternatively, the lower court was clearly wrong when it determined the appellant was not a statutory employee of the NOAB.
3. The lower court erred when it concluded that the appellant was excluded from coverage under R.S. 23:1034 of the Louisiana Workers' Compensation Act.
La. R.S. 23:1034(A) provides that worker's compensation is the exclusive remedy for public employees against their employer, but excludes public officers and officials of their respective political subdivisions from workers' compensation coverage:
A. The provisions of this Chapter shall apply to every person in the service of the state or a political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written ...; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory; provided that one employed by a contractor who has contracted with the state or other political subdivision, or incorporated public board or commission through its proper representative, shall not be considered an employee of the state, or other political subdivision, or incorporated public board or commission; further, provided that members of the police department, or municipal employees performing police services for any municipality who are not elected officials shall be covered by this Chapter and shall be eligible for compensation; and provided further that criminal deputy sheriffs for the parish of Orleans shall be covered by this Chapter and shall be eligible for compensation as provided herein.
Subsection B of the statute, however, specifies that sheriff's deputies are not covered by worker's compensation (except in Orleans Parish, per Subsection A):
B. Except as expressly and specifically provided to the contrary in Subsection A hereof, the officials excepted from coverage under the provisions of this Chapter, in Subsection A of this Section, include all public officers as defined by R.S. 42:1. In this regard, sheriffs' deputies are, under R.S. 42:1, 33:1433, and 33:9001 et seq., appointed public officers and officials of *837 their respective political subdivisions, the parish law enforcement districts.
La. R.S. 23:1034(B).
Thus, because sheriffs' deputies are defined as appointed public officers and officials of their parish law enforcement districts, they are excluded from workers' compensation coverage.[2]Smith v. St. Tammany Sheriff's Office, 95 0960 (La.App. 1 Cir. 2/23/96), 668 So.2d 1331, 1333, writ denied 96-0761 (La.5/3/96), 672 So.2d 694.
Plaintiff argues, however, that he was not working as a sheriff's deputy at the time he was injured. Rather, he asserts he was working directly for NOAB as a security guard and is entitled to worker's compensation benefits from NOAB. Alternatively, he asserts he should be treated as a statutory employee of NOAB and the exclusion of La. R.S. 23:1034 cannot be applied to him under the facts here, because he was not acting as a sheriff's deputy at the time he was injured.
In opposition NOAB contends, first, that it was not plaintiff's direct employer because the facts establish he was working as a sheriff's deputy while on duty at NOAB; alternatively, that even if NOAB is viewed as a statutory employer, an injured employee cannot assert greater rights against a statutory employer than he can assert against his direct employer. Finally, NOAB asserts that plaintiff's arguments circumvent the purpose of La. R.S. 23:1034, which was enunciated by our Supreme Court in Parker v. Cappel, 500 So.2d 771, 777 (La.1987) as "the appropriate state interest of providing a workers' compensation coverage which is not drained by a class with heavy demands upon the state's funds for such coverage."
The trial court made the following findings of fact: Plaintiff was interviewed for and assigned to work at the airport by the JPSO Public Assignments Division; he was supervised at the airport by a JPSO officer; there were a detail commander, a detail deputy commander, and a shift supervisor on site at the airport. JPSO provided all of his equipment except for radio and traffic vest. JPSO assigned specific officers to details, posted shift availability, and scheduled the hours the deputies worked. JPSO negotiated the oral agreement with NOAB concerning fees, under which NOAB paid to JPSO $15.00 per hour for detail officers plus a $1.00 per hour administrative fee to JPSO. JPSO paid the detail deputies and included it in their regular paychecks. Their W-2 forms reflected the money earned at NOAB. JPSO had the right to hire, fire and reassign deputies. The detail officers reported to their JPSO supervisor on the job. JPSO administered discipline.
Based on these factors, the trial court concluded claimant was not an employee of NOAB when he was injured, but rather was working in the course and scope of his employment as a JPSO deputy sheriff.
In arguing that he should be considered a direct employee of NOAB while working the detail, plaintiff analogizes this situation to cases in which an employer was found to be vicariously liable for torts of his employee. Plaintiff argues that while he was working the airport detail JPSO served as an agent for NOAB and NOAB was his true employer for the detail. In effect, he asserts, JPSO served as an interposed party acting as a hiring agent for NOAB.
Plaintiff relies on the case of Vetra v. Lee, 97-31 (La.App. 5 Cir. 5/28/97), 695 So.2d 1052, in which this Circuit ruled that the sheriff of Jefferson Parish could not be held vicariously liable for actions of an off-duty deputy working a detail. We found the sheriff was not liable because, although the deputy was wearing his uniform while working the detail, he was not acting within the course and scope of his employment within the sheriff's office and was not an employee of the sheriff at the time of the act. In making this determination we relied on a four-prong test:
Before it can be concluded that an employee's actions fall within the course and scope of his employment, a finding essential *838 to imposition of vicarious liability on an employer, at least some of the following factors must be present: (1) the act was primarily employment rooted, (2) the act was reasonably incidental to the performance of the employee's duties, (3) the act occurred within normal work hours and (4) the act occurred on the employer's premises.
See also, Luccia v. Cummings, 94-416 (La. App. 5 Cir. 11/16/94), 646 So.2d 1142, writ denied 94-2983 (La.2/3/95), 649 So.2d 406; LeBrane v. Lewis, 292 So.2d 216 (La.1974).
Plaintiff cites Vetra as authority for his proposition that a deputy working an off-duty detail is not a sheriff's office employee. We note, however, there are factors in Vetra that distinguish it from the facts here: the detail the deputy was working at the time of the incident apparently was not authorized by the JPSO, which had no record of it, and the deputies working that detail were paid directly in cash by the business owner. Further, those factors apply to the employer's liability to a third person, not to the employee.
We find no merit to these arguments. As our Supreme Court stated in Roberts v. Sewerage and Water Bd. of New Orleans, 92-2048 (La.3/21/94), 634 So.2d 341, 345:
The same principles which determine who are to be considered as employees so that their exclusive remedy will be compensation also determine who are to be treated as employers and therefore answerable in compensation and immune from tort liability. * * * Thus the same considerations with respect to the contract of employment and its confection hold equally true as to the employer, and make the compensation remedy exclusive as to the employer of a claimant under the ordinary contract of employment and under the principal-contractor or statutory employer situation.
In the case before us, the question is which of the two entities was plaintiff's employer at the time he was injured, NOAB or JPSO. In analyzing whether a person is an employee,
[I]nquiry to determine whether a relationship is that of independent contractor or that of mere servant requires, among other factors, the application of the principal test: the control over the work reserved by the employer. In applying this test it is not the supervision and control which is actually exercised which is significant, the important question is whether, from the nature of the relationship, the right to do so exists.
Hickman v. Southern Pac. Transport Co., 262 La. 102, 262 So.2d 385, 391 (La.1972).
"The right of control and supervision, selection and engagement, payment of wages, and the power of dismissal determines whether an `employee' status exists.... The most important test involves the employer's control over the work." Hendricks v. United Cab, Inc., 96-1777 (La.App. 4 Cir. 1/15/97), 687 So.2d 610, 611.
In addition to the factors mentioned by the trial judge, the parties admit that the regulations and guidelines of the Federal Aviation Administration (FAA) mandate that the airport have licensed sheriff's deputies patrolling certain locations and access zones of the airport. In order to comply with these FAA rules, NOAB entered into an oral contract with JPSO to provide security at the airport. The terms of the contract were negotiated between NOAB and JPSO. They agreed on hourly rates for non-supervisory officers and detail supervisors, with higher rates for commanders and deputy commanders. An additional fee of $1.00 per hour was added to the hourly rate for each officer as an administrative fee for JPSO. The rates were non-negotiable by individual officers, who were forced to accept the rate if they wanted to work the airport detail.
NOAB paid detail fees in a lump sum to JPSO rather than directly to the individual officers. The disbursements to the officers were made in their JPSO paychecks and were noted as JPSO earnings in their income-tax withholding statements. Further, the JPSO Public Assignments Division decided which deputies to assign to the detail and set the shift hours. Officers working the detail were subject to a detail hierarchy within the JPSO. They reported for detail duty in their JPSO uniforms, badges, firearms and other JPSO equipment. They were never *839 interviewed by or under the supervision of NOAB and any disciplinary actions were handled by JPSO. NOAB did not have the right to hire and fire any deputies, but only to make complaints to JPSO, with JPSO entirely responsible for handling such complaints.
Considering these facts, we find no error in the OWC judge's determination that plaintiff was an employee of the JPSO when he was injured and, further, that he was not a statutory employee of NOAB.
For the foregoing reasons, the judgment is affirmed. Appellant is cast with costs.
AFFIRMED.
NOTES
[1] JPSO intervened in the suit to recover health care benefits provided to plaintiff through its self-insured group health plan. The intervention was dismissed when the OWC rendered judgment.
[2] Note, however, that under La. R.S. 23:1034(C), "any political subdivision may, in its own discretion and by using its own funds available for same, provide worker's compensation coverage for its officials, in addition to having to provide such coverage for its employees." It is undisputed that JPSO did not provide worker's compensation coverage to deputies.