798 So.2d 249 (2001)
Ann LEWIS
v.
JEFFERSON PARISH SHERIFF'S OFFICE.
No. 01-CA-257.
Court of Appeal of Louisiana, Fifth Circuit.
September 25, 2001.
*250 R.A. Osborn, Jr., R.A. Osborn, III, Osborn & Osborn, Gretna, LA, Counsel for plaintiff-appellant.
Carl L. Aspelund, Golden & Fonte, Metairie, LA, Counsel for defendant-appellee.
Court composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
The trial judge granted a summary judgment in this matter, dismissing Claimant Appellant Ann Lewis's workers' compensation claim against Defendant-Appellee, Jefferson Parish Sheriff's Office. We affirm.

STATEMENT OF THE CASE
Lewis's Disputed Claim Form was filed on January 18, 2000. The Sheriff's Office initially entered a general denial, then, on September 29, 2000, filed a Motion for Summary Judgment, arguing that because she is a parish deputy sheriff, Lewis is not covered under the state compensation scheme.
A hearing was conducted by the compensation judge on November 17, 2000; judgment was rendered November 27, 2000, dismissing Lewis's claim. A motion for new trial was denied on December 8, 2000; Lewis timely filed her motion for appeal.
On appeal, she asserts that the trial court abused its discretion by improperly granting summary judgment when significant genuine issues of material fact exist.

FACTS
Lewis had been employed by the Sheriffs Office as a cook in the Jefferson Parish Correctional Center. She alleged that she developed a hernia as a result of lifting heavy pots and pans in the kitchen.
The record also contains an affidavit executed by Lewis, in which she asserts that she had received no special job training, had not been required to participate in any training programs or law enforcement schools, had not received any weapons training. In addition, she states that she was not a commissioned officer, and that she had not been authorized to carry a weapon. Finally, she asserts that her job had not entailed performing any "official or public" acts, and that her work duties in the Correctional Center had not required participation in the "arena of law enforcement."
Exhibits submitted by the Sheriffs Office include the following.
An affidavit executed by Harry Lee, the Sheriff of Jefferson Parish, includes a statement to the effect that the Sheriffs Office has elected to not provide compensation benefits to its deputies.
The record also contains an affidavit executed by James Wood, a personnel administrator for the Sheriffs Office. Wood states that Lewis had undergone background checks and a polygraph exam subsequent to her application for employment, requirements of "all deputy" applicants, that she had filled out a uniform application, and that she had undergone the same drug screening and performance evaluation required of all other applicants. Once Lewis had been accepted for employment, she had received the same manual, SOP binder, and ethics code as all other deputies who are employed by the Sheriffs Office. In addition, Wood indicated that once she had actually been employed, Lewis had been able to transfer to any other job available without having executed an additional oath of office. Finally, Wood stated that as a deputy, Lewis had belonged to the Sheriffs Pension and Relief Fund.
*251 In a supplemental affidavit, Wood states that all deputies take the same oath, "regardless of the function that the deputy is performing."
Lewis's initial Oath of Office, administered on December 11, 1995, states that she will "faithfully and impartially discharge and perform all duties incumbent on [her] as [a] Deputy Sheriff in and for the Parish of Jefferson, State of Louisiana." Lewis's most recent oath, executed on June 29, 2000, was also included in the record.
A Property Authorization form shows that on December 11, 1995, Lewis had received a number of deputy's uniforms and one "set of badges."
A letter of June 4, 1996, confirms Lewis's membership in the Sheriff's pension fund.
A form signed by Lewis on December 11, 1995, acknowledges receipt of the Sheriff's Office Code of Conduct.
The Sheriff's Office also filed an affidavit executed by Gary Schwabe, a Deputy Chief of the Sheriff's Office and the Correctional Administrator of the Jefferson Parish Prison. Schwabe states that the kitchen of the jail is a restricted area, allowing access only to deputies wearing uniforms and badges. Schwabe also states that as a deputy, Lewis had been authorized to issue orders to prisoners and to initiate disciplinary actions against those committing infractions.
Finally, the Sheriff's Office produced the affidavit of Glen Jambon, a Deputy Administrator of the Jefferson Parish Correctional Center, who is responsible for conducting orientation of all new employees of the Correctional Center. Jambon states that all new employees of the Correctional Center receive copies of the prison's "contraband policy," a "new employee entrance form," and the "policy and procedure manual," which sets forth the duties of Correctional Center personnel.

DISCUSSION
As this matter comes to us as an appeal of a summary judgment, we initially note that such judgments are reviewed de novo. We must therefore ask the same questions as did the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Magnon v. Collins, 98-2822, at 5 (La.7/7/99), 739 So.2d 191, 195.
This acknowledged, we find the trial judge was correct to hold that Lewis is not entitled to workers' compensation payments for her injury. Under the laws regulating workers' compensation entitlements and payment, sheriffs' deputies are excluded from compensation coverage.
LSA R.S. 23:1034, in pertinent part, states:
A. The provisions of this Chapter shall apply to every person in the service of the state or a political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the state or a political subdivision thereof or of any such incorporated public board or commission (emphasis supplied)....
. . . . .
B. Except as expressly and specifically provided to the contrary in Subsection A hereof, the officials excepted from coverage under the provisions of this Chapter, in Subsection A of this Section, include all public officers as defined by R.S. 42:1. In this regard, sheriffs' deputies are, under R.S. 42:1, 33:1433, and *252 33:9001 et seq., appointed public officers and officials of their respective political subdivisions, the parish law enforcement districts.[1]
Therefore, because sheriffs deputies are defined as appointed public officers of their parish law enforcement districts, they are categorically excluded from workers' compensation coverage. Kaufman v. City of New Orleans, 98-443, at 2-3 (La.App. 5 Cir. 10/28/98), 720 So.2d 835, 836-7; Smith v. St. Tammany Sheriff's Office, 95-0960, at 3 (La.App. 1 Cir. 2/23/96), 668 So.2d 1331, 1333.
The thrust of Lewis's argument is that because there are classes of deputies with different duties (including "commissioned" deputies), those deputies who do not perform "law enforcement" functions should not be included among those for whom compensation is disallowed. However, as noted by the trial judge, it is not our place to read such a limitation into the clear language of the above statute, which applies to all "sheriffs' deputies" without any distinctions or divisions. Affidavits submitted by Correctional Center administration confirm that all Sheriffs Office deputies take the same oath of office, regardless of any eventual position or employment. The record leaves no doubt that Lewis took this oath and was sworn in as a deputy sheriff, and we know of no authority establishing any other criteria that override this fact as the single, determinative one in Lewis's eligibility (or not) for compensation coverage.
Further, denial of compensation benefits to some classes of high-risk parochial employees has been recognized, and upheld, as a legitimate state interest. See Parker v. Cappel, 500 So.2d 771, 775 (La.1987). Though Lewis argues that she performed no "law enforcement" functions, exhibits filed by the Sheriffs Office make it clear that Lewis would have had contact with jail inmatescriminalsand that it had been her responsibility to exercise control over those with whom she came in contact.
Finally, though Lewis argues that she is not a "real" deputy sheriff because she did not meet the requirements set out in LSA R.S. 33:1432.1 (education and training requirements), the statute specifically exempts "jailers" from these requirements. LSA R.S. 1432.1B.
Lewis has not demonstrated that there are any unresolved material facts which preclude judgment, as a matter of law, in Appellee's favor.
Therefore, for the above reasons, the judgment of the compensation judge dismissing Lewis's claims for compensation payments is affirmed.
AFFIRMED.
CANNELLA, J., concurs in the results.
NOTES
[1] LSA R.S. 42:1 defines "public officers"; LSA R.S. 33:1433 sets out the requirement that Sheriffs' Office deputies take an oath of office; LSA R.S. 33:9001 creates "law enforcement districts."