# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 05-1407

QUYEN NGUYEN, ET AL.

VERSUS

UNDERWRITERS AT LLOYD'S, LONDON, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 81114-I
HONORABLE THOMAS DUPLANTIER, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Michael G. Sullivan, Billy H. Ezell, and James T. Genovese, Judges.

AFFIRMED.

Mark R. Pharr, III
4021 Ambassador Caffery Parkway
Building A, Suite 175
Lafayette, Louisiana 70503
(337) 735-1760
COUNSEL FOR DEFENDANT/APPELLANT:
     Underwriters at Lloyd's, London

Kevin P. Tauzin
1228 Camellia Boulevard, Suite A
Lafayette, Louisiana 70508
(337) 988-7588
COUNSEL FOR PLAINTIFFS/APPELLEES:
     Quyen Nguyen, Ca Nguyen, and Huong Nguyen

**Richard D. Chappuis, Jr.**
**Post Office Box 3527**
**Lafayette, Louisiana 70502-3527**
**(337) 232-9700**
**COUNSEL FOR DEFENDANT:**
**ICY Seafood, Inc.**

**GENOVESE, Judge.**

Defendant, Underwriters at Lloyd's, London (Lloyd's), appeals the trial court's granting of a motion for summary judgment finding insurance coverage on behalf of the Plaintiff, Quyen Nguyen (Quyen), under Defendant's commercial general liability (CGL) insurance policy. Lloyd's appeals. We affirm.

### FACTS AND PROCEDURAL HISTORY

On July 31, 2003, Quyen was breaking and shoveling ice at ICY Seafood, Inc. (ICY), a seafood processing plant and ice house in Abbeville, Vermilion Parish, Louisiana. While shoveling ice, Quyen stepped through an iron grate above a moving ice auger, resulting in the amputation of his right leg below the knee.

Approximately one week prior to the accident, Phong Nguyen, the father of ICY's co-owner, Phung Nguyen, went to a pool hall in Abbeville and announced to Quyen and others that jobs were available at ICY. Testimony in the record indicates that either the following morning, or two to three days later, Quyen, Het Vo, and Truong Pham appeared at ICY looking for work. In the days that followed, Quyen, Het Vo, and Truong Pham loaded ice onto shrimp vessels, unloaded shrimp from boats, boxed shrimp, and cut grass on ICY's premises. Testimony in the record indicates that Quyen, Het Vo, and Truong Pham were never compensated for their services in any manner, that there was not any agreement to compensate them, that they were working during a "probationary" or "try out" period, and that they were to be hired contingent upon approval of their performance by the owners.

On July 31, 2003, at the time of Quyen's accident, ICY did not have in force and effect any workers' compensation or health insurance policies. ICY did, however, have a CGL policy of insurance in force and effect from Lloyd's. Upon being named a Defendant in the instant suit, Lloyd's answered Quyen's petition for

1

damages, asserting that its policy excluded coverage for workers' compensation claims and obligations and excluded coverage for bodily injury to ICY's employees.

Lloyd's filed a motion for summary judgment contending that the policy of CGL insurance did not provide coverage to ICY for the accident at issue because Quyen was an employee of ICY. Quyen filed a cross motion for summary judgment contending that he was not an employee of ICY; therefore, Lloyd's CGL insurance policy did provide coverage herein. Quyen asserts that he was not "hired" by ICY. Quyen contends that he, Het Vo, and Truong Pham went to the ICY processing plant for a "trial" period. Quyen asserts that neither he, Het Vo, nor Truong Pham, were ever paid or compensated in any manner and that they did not receive shrimp, ice, or anything of value in conjunction with their activities at ICY in July of 2003. Quyen contends that during the "trial" period, it was never intended by either ICY or Quyen that he would be paid. Quyen alleges that compensaton would be negotiated at the end of the "trial" period if he was hired by ICY. Thus, ICY's policy of CGL insurance issued by Lloyd's does not exclude coverage to ICY for the accident at issue herein because Quyen was not an employee of ICY.

In considering the cross motions for summary judgment, the trial court stated "what I consider to be a very serious [issue is the] payment of wages and the expectation of wages for what they do." Thus, the trial court denied Lloyd's motion and granted Quyen's motion for summary judgment, finding that Lloyd's CGL insurance policy provided coverage herein because Quyen was not ICY's employee. The judgment granting Plaintiff's motion for summary judgment was designated a final judgment under La.Code Civ.P. art. 1915 by the trial court. Lloyd's appealed. We affirm.

2

**ISSUE**

The only issue presented in this appeal is whether Quyen Nguyen was an employee of ICY at the time of the accident at issue herein.

**LAW AND DISCUSSION**

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131; *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La. 11/28/01), 800 So.2d 783. The appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

Louisiana Code of Civil Procedure Article 966 charges the moving party with the burden of proving that summary judgment is appropriate. However, when the movant will not bear the burden of proof at trial on the matter that is before the court, the movant's burden on the motion does not require him to negate all of the essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more of the elements essential to the adverse party's claim. *See* La.Code Civ.P. art. 966(C)(2). If the adverse party fails to produce factual support to convince the court that he can carry his burden of proof at trial, there is no genuine issue of material fact and granting of the motion is mandated. *Hardy v. Bowie*, 98-2821 (La. 9/8/99), 744 So.2d 606; *Hayes v. Autin*, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-281 (La. 3/14/97), 690 So.2d 41.

The threshold question in reviewing a trial court's granting of summary

judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La. 3/13/98), 712 So.2d 882. Thereafter, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. *Id.* Thus, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. *Id.*

"Facts are material if they determine the outcome of the legal dispute." *Soileau v. D & J Tire, Inc.*, 97-318, p. 3 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, 821, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. The determination of the materiality of a particular fact must be made in light of the relevant substantive law. *Id.* In this case, the relevant substantive law is found in La.R.S. 23:1032. If an employee is injured or killed in the course and scope of his employment, the exclusive remedy is workers' compensation. *See* La.R.S. 23:1032(A).

There is a presumption that a person rendering a service for another in any trade, business, or occupation is an employee under the Louisiana Workers' Compensation Law. *See* La.R.S. 23:1044. This presumption is based upon the employee-employer relationship, the essence of which is the right to control. *Hillman v. Comm-Care, Inc.*, 01-1140 (La. 1/15/02), 805 So.2d 1157. The four primary factors evidencing the right to control are: (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control. *Id.* However, "[n]one of these factors alone is determinative of an employer/employee relationship. Rather, the totality of the circumstances must be considered." *Harrington v. Hebert*, 00-1548, p. 7 (La.App. 3 Cir. 5/23/01), 789 So.2d 649, 653 (citation omitted).

Lloyd's contends that the trial court's primary reliance upon the sole factor of

4

payment of wages is erroneous. Lloyd's argues that ICY controlled everything about Quyen's employment. Lloyd's argues that Phong Nguyen, acting as a representative of ICY, went out and selected and engaged Quyen, Het Vo, and Truong Pham to come and work at the ICY plant. Thereafter, either Phong Nguyen, or his son and co-owner of ICY, Phung Nguyen, instructed Quyen, Het Vo, and Truong Pham on what job to do, how to do their job, when to do their job, and dismissed them each day when their work was through. Lloyd's asserts that the injury occurred on ICY's premises while Quyen was breaking and shoveling ice in ICY's ice house and that such activity was in furtherance of ICY's business. Lloyd's contends that the totality of these three factors supports the finding of an employer-employee relationship between ICY and Quyen; therefore, because Quyen is an employee of ICY, Lloyd's CGL insurance policy did not provide coverage under the facts of this case.

Quyen argues that because he had not given ICY the enjoyment of his labor at a fixed price at the time of the accident, a lease of labor did not exist; therefore, he was not ICY's employee. A review of ICY's answers to interrogatories reveals that ICY admitted "Quyen Nguyen was not paid a salary in conjunction with his work at ICY Seafood. Mr. Nguyen was working on a 'trial' basis. Upon mutual agreement of the parties after the 'trial' period, Mr. Nguyen's salary would have been negotiated at that time." In his deposition, Phong Nguyen acknowledged that payment of wages was not discussed with Quyen, Het Vo, and Truong Pham, because it was a "trial" period. Further, it was uncontroverted that Quyen, Het Vo, and Truong Pham were never compensated for their services in any manner.

ICY is owned by Phung Nguyen, who runs the business; Edward Broussard, who handles the business's legal matters; and, Lien Dinh, who supervises the business's bookkeeping and finances. In their depositions, all three owners testified

5

that ICY has never had employees. Lien Dinh testified that because ICY has no payroll, he never acquired workers' compensation insurance for ICY. Though Lien Dinh testified that he did investigate the cost of workers' compensation insurance, he alleges that he was told such coverage was not necessary if there were no employees on ICY's payroll.

Since its inception, ICY was a family-operated business. Prior to late July of 2003, ICY was operated by Phung Nguyen, Phong Nguyen, and Co Dinh, Lien Dinh's son. Phong Nguyen testified that he was never paid for his services; instead, he worked for ICY in order to help it become profitable.

ICY may have engaged Quyen, Het Vo, and Truong Pham to perform activities in furtherance of their business, but absent evidence of an actual agreement of employment and/or compensation for said employment, we do not find that the trial court's decision to grant Quyen's summary judgment was erroneous. Lloyd's failed to produce sufficient evidence to support its contention that a judgment as a matter of law was not appropriate. We agree with the trial court's judgment that, at the time of the accident in question, an employer-employee relationship did not exist between Quyen and ICY.

### DECREE

For the reasons set forth above, the judgment of the trial court denying Defendant's motion for summary judgment, and granting Plaintiff's cross motion for summary judgment, is affirmed. Costs of this appeal are assessed against Defendant-Appellant, Underwriters at Lloyd's, London.

**AFFIRMED.**