STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-1136

MAMIE TRAHAN

VERSUS

ACADIA PARISH SHERIFF'S OFFICE

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF ACADIA, CASE NO. 05-06555
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Marc T. Amy, David J. Painter, and James T. Genovese, Judges.

**AFFIRMED.**


Christopher T. Lee
Christopher T. Lee, P.L.L.C.
Post Office Box 3525
Lafayette, Louisiana 70502-3525
(337) 232-2390
COUNSEL FOR PLAINTIFF/APPELLANT:
    Mamie Trahan


Homer Ed Barousse, Jr.
Barousse & Craton
Post Office Box 1305
Crowley, Louisiana 70527-0730
(337) 785-1000
COUNSEL FOR DEFENDANT/APPELLEE:
    Acadia Parish Sheriff's Office

**GENOVESE, Judge.**

Plaintiff, Mamie Trahan (Trahan), appeals the judgment of the Office of Workers' Compensation (OWC) granting summary judgment in favor of Defendant, Acadia Parish Sheriff's Office (Acadia). The workers' compensation judge (WCJ) ruled that Trahan was not entitled to workers' compensation payments for her injuries because she was a deputy sheriff and, as such, was exempt from workers' compensation coverage pursuant to La.R.S. 23:1034. The WCJ denied Trahan's cross-motion for summary judgment, declaring the doctrine of equitable estoppel inapplicable in this case and, as a result, dismissed Trahan's claims. For the following reasons, we affirm.

## STATEMENT OF THE CASE

Trahan filed a disputed claim for workers' compensation benefits, commonly referred to as a 1008, on December 21, 2005. Acadia initially answered Trahan's claim admitting she sustained injuries while performing her job-related duties as a medic and denying that any workers' compensation payments were ever paid to Trahan. Acadia further averred that it was self-insured and not insured for workers' compensation benefits because sheriff's deputies are excluded from workers' compensation coverage under La.R.S. 23:1034. Acadia admitted that it had elected, for a certain period, to pay Trahan her salary in lieu of workers' compensation benefits, yet reserving its right to terminate those voluntary payments.

On May 1, 2006, Acadia filed a motion for summary judgment seeking the dismissal of Trahan's workers' compensation claims on the basis that she was a parish deputy sheriff and thereby not covered under the Louisiana workers' compensation law. In response to Acadia's motion, Trahan filed a cross-motion for

1

summary judgment on May 26, 2006, maintaining that Acadia was equitably estopped from taking the position that Trahan was ineligible for workers' compensation benefits pursuant to La.R.S. 23:1034. At the hearing on these cross-motions for summary judgment held on June 22, 2006, the WCJ granted summary judgment in favor of Acadia, dismissing Trahan's claims, and denied Trahan's motion for summary judgment. Trahan appeals.

## FACTS

This litigation arises from Trahan's filing of a disputed claim for workers' compensation benefits (1008). Trahan's 1008 contains two claims. Trahan's first claim alleges that on January 17, 2002 she tripped and fell in the parking lot of the American Legion Hospital in Crowley, Louisiana. Trahan's second claim alleges that on February 28, 2002 she was involved in an automobile accident. Both accidents occurred while Trahan was performing her job-related duties as a deputy/medic. Following these accidents, Acadia paid Trahan "wages in lieu of compensation" and her related medical expenses through May 31, 2005.[1] On December 21, 2005, Trahan filed a 1008 seeking workers' compensation benefits against Acadia for her work-related injuries.

## ISSUE

The only issue raised in this appeal is whether the doctrine of equitable estoppel precludes the exclusion of Trahan, as a deputy sheriff, as set forth in La.R.S. 23:1034.

---

[1] In Trahan's affidavit attached to her cross-motion for summary judgment, she asserts: "On or about May 31, 2005, my employer terminated all payments. Effective this same date, apparently my employer terminated my employment as well."

2

# LAW AND DISCUSSION

As this matter comes before us on an appeal of the grant of a summary judgment, we note that such judgments are reviewed *de novo* using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Albarado v. State Farm Mut. Auto Ins. Co.*, 05-1084 (La.App. 3 Cir. 4/5/06), 926 So.2d 94; La.Code Civ.P. art. 966(B). In the case at bar, there are no contested facts, the issue before this court is the application of the law to the undisputed facts. Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

> Louisiana Code of Civil Procedure Article 966 charges the moving party with the burden of proving that summary judgment is appropriate. However, when the movant will not bear the burden of proof at trial on the matter that is before the court, the movant's burden on the motion does not require him to negate all of the essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more of the elements essential to the adverse party's claim. *See* La.Code Civ.P. art. 966(C)(2). If the adverse party fails to produce factual support to convince the court that he can carry his burden of proof at trial, there is no genuine issue of material fact and granting of the motion is mandated. *Hardy v. Bowie*, 98-2821 (La. 9/8/99), 744 So.2d 606; *Hayes v. Autin*, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-281 (La. 3/14/97), 690 So.2d 41.

> The threshold question in reviewing a trial court's granting of summary judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La. 3/13/98), 712 So.2d 882. Thereafter, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. *Id.* Thus, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. *Id.*

3

"Facts are material if they determine the outcome of the legal dispute." *Soileau v. D & J Tire, Inc.*, 97-318, p. 3 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, 821, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. The determination of the materiality of a particular fact must be made in light of the relevant substantive law. *Id.*

*Nguyen v. Underwriters at Lloyd's*, 05-1407, pp. 3-4 (La.App. 3 Cir. 5/3/06), 929 So.2d 821, 823, *writ denied*, 06-1332 (La. 9/22/06), 937 So.2d 387.

Generally, if an employee is injured or killed in the course and scope of his employment, the exclusive remedy is workers' compensation. *See* La.R.S. 23:1032(A). However, La.R.S. 23:1034 excludes deputy sheriffs from workers' compensation coverage.

We find that the trial court was correct in finding that Trahan was not entitled to workers' compensation payments for her injuries. In this case, the relevant substantive law, found at La.R.S. 23:1034, provides, in pertinent part:

A. The provisions of this Chapter shall apply to every person in the service of the state or a political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, *except an official of the state or a political subdivision thereof or of any such incorporated public board or commission*; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory; provided that one employed by a contractor who has contracted with the state or other political subdivision, or incorporated public board or commission through its proper representative, shall not be considered an employee of the state, or other political subdivision, or incorporated public board or commission; further, provided that members of the police department, or municipal employees performing police services for any municipality who are not elected officials shall be covered by this Chapter and shall be eligible for compensation; and provided further that criminal deputy sheriffs for the parish of Orleans shall be covered by this Chapter and shall be eligible for compensation as provided herein.

B. Except as expressly and specifically provided to the contrary in Subsection A hereof, *the officials excepted from coverage under the provisions of this Chapter, in Subsection A of this Section, include all public officers as defined by [La.]R.S. 42:1. In this regard, sheriffs'*

*deputies are, under [La.]R.S. 42:1, [La.R.S.] 33:1433, and [La.R.S.] 33:9001 et seq., appointed public officers and officials of their respective political subdivisions, the parish law enforcement districts.*[2]

(Emphasis added.)

Therefore, because Trahan was a deputy sheriff and, as such, was a public officer, she was excluded from workers' compensation coverage. *Lewis v. Jefferson Parish Sheriff's Office*, 01-257 (La.App. 5 Cir. 9/25/01), 798 So.2d 249; citing *Kaufman v. City of New Orleans*, 98-443 (La.App. 5 Cir. 10/28/98), 720 So.2d 835, *writ denied*, 98-3169 (La. 2/12/99), 738 So.2d 576; *Smith v. St. Tammany Sheriff's Office*, 95-960 (La.App. 1 Cir. 2/23/96), 668 So.2d 1331, *writ denied*, 96-761 (La. 5/3/96), 672 So.2d 694.

Trahan argues that the doctrine of equitable estoppel, or estoppel in pais, precludes the exclusion of deputy sheriffs from the Louisiana Workers' Compensation Act. Specifically, Trahan argues that she relied upon Acadia's conduct. And, as a result of said reliance, she was forced to change her position. Trahan further alleges that, as a result of said reliance and to her detriment, Acadia should be estopped from asserting that it is exempt from paying her workers' compensation in accordance with La.R.S. 23:1034. Trahan asserts that she relied upon the conduct of Acadia, i.e., its payments to her of wages in lieu of compensation following her work accidents beginning in early 2002 and continuing until May of 2005, yet Acadia terminated Trahan's employment and all "wages in lieu of compensation" payments on or about May 31, 2005. Trahan contends that she construed Acadia's payments to her as Acadia's compliance and submission with

---

[2]Louisiana Revised Statutes 42:1 defines "public officers" as "any person holding a public office in this state." Louisiana Revised Statutes 33:1433 sets out the requirement that deputy sheriffs take an oath of office. Louisiana Revised Statutes 33:9001 "create[s], in each parish except Orleans, a special district to be known as a law enforcement district for the purpose of providing financing to the office of sheriff for that parish."

Louisiana's workers' compensation law regarding indemnity payments. Trahan argues that, since the running of prescription is suspended when the employer pays the injured worker wages in lieu of compensation[3], she should be allowed to proceed with her lawsuit for workers' compensation benefits against Acadia.

Acadia concedes that after Trahan's second alleged accident, which occurred on February 28, 2002, it gratuitously paid Trahan her salary and health insurance benefits despite her inability to perform any of her occupational duties. However, Acadia denies that it made any representation to Trahan by conduct or word that said payments to her were workers' compensation benefits.

This court stated in *Roberson v. Lafayette Oilman's Sporting Clays Shoot, Inc.*, 02-1275, 02-369, pp. 4-5 (La.App. 3 Cir. 4/30/03), 845 So.2d 1267, 1270, *writ denied*, 03-1531 (La. 9/26/03), 854 So.2d 370:

> Equitable estoppel or 'estoppel in pais' can be defined as the effect of the voluntary conduct of a party whereby he is barred from asserting rights against another party justifiably relying on such conduct and who has changed his position to his detriment as a result of such reliance. Thus, there are three elements of estoppel: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance.
>
> *Elliott v. Catahoula Parish Police Jury*, 02-9, p. 1 (La.App. 3 Cir. 5/8/02); 816 So.2d 996, 997 (quoting *Wilkinson v. Wilkinson*, 323 So.2d 120, 125 (La.1975)).
>
> In *Morris v. Friedman*, 94-2808, p. 9 (La.11/27/95); 663 So.2d 19, 25, the supreme court further elaborated on this issue: "[A] party having the means readily and conveniently available to determine the true facts, but who fails to do so, cannot claim estoppel. Further, estoppels are not favored in our law, and properly apply only as to representations of fact.... Finally, '[e]quitable considerations and estoppel cannot be permitted to prevail when in conflict with the

---

[3]*Mauldin v. Town of Church Point*, 05-1294 (La.App. 3 Cir. 4/5/06), 925 So.2d 1269, *writ denied*, 06-1043 (La. 6/23/06), 930 So.2d 983.

positive written law.'"

Considering the facts and applicable law above set forth, we find the doctrine of equitable estoppel is inapplicable in this case. The law exempting deputy sheriffs from workers' compensation benefits is "positive written law." Trahan's reliance on estoppel is in direct conflict with positive written law (La.R.S. 23:1034). Thus, we find Trahan's argument to be without merit.

**DECREE**

For the foregoing reasons, the judgment of the OWC granting summary judgment in favor of Acadia and denying Trahan's cross-motion for summary judgment is affirmed. Costs of this appeal are assessed against Plaintiff/Appellant, Mamie Trahan.

**AFFIRMED.**