ROBERT M. MURPHY, Judge.
12Claimant, deputy sheriff Valerie Perkins, appeals the workers’ compensation judge’s sustaining of the Jefferson Parish Sheriffs exception of no cause of action, dismissing her workers’ compensation claim with prejudice. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On December 22, 2010, deputy sheriff Valerie Perkins was injured in a work-related auto accident. It is undisputed that she was in the course and scope of her employment with the Jefferson Parish Sheriffs Office (“JPSO”) at the time of the accident.
On April 9, 2012, she filed a disputed claim for compensation seeking benefits under the Louisiana Workers’ Compensation Act (the “Act”). She contends that she was told by Angelle in the Sheriffs Insurance Department that she was entitled to workers compensation benefits including medical expenses; she [«¡also claims that Angelle [DiGiovanni] gave her a form entitled “Workers Compensation Information.” [1]
*273 On May 1, 2012, Jefferson Parish Sheriff Newell Normand filed an exception of no cause of action pursuant to La. R.S. 23:1034(B), which exempts sheriff deputies from coverage under the Act, but also permits the sheriff’s office in its discretion to provide workers’ compensation for its officers with its own funds. On June 1, 2012, the Office of Workers’ Compensation held a hearing on the Sheriffs exception; on June 5, 2012, the court sustained the exception dismissing Deputy Perkins’s claims with prejudice at her costs. The trial judge found that, despite any alleged JPSO employee’s admissions, would handle the matter as a workers’ compensation claim, the workers’ compensation court is not the appropriate tribunal to litigate her claim for benefits.
ISSUES
The claimant contends it was legal error for the trial court to sustain the exception of no cause of action. She argues that any payment made on behalf of the Sheriff effectively triggers the application of the provisions of the Act. The Sheriff argues contrarily that the statute exempting deputy sheriffs from workers’ compensation does not indicate that a payment, in and of itself, results in the claimant’s being covered by the Act.
The issues are: did the trial court err in sustaining the Sheriffs exception of no cause of action, or alternatively, did the trial court err in dismissing the case without permitting leave to amend?
STANDARD OF REVIEW
The appellate court conducts a de novo review of the trial court’s sustaining an exception of no cause of action because the exception raises a question of law. Badeaux v. Southwest Computer Bureau, Inc., 05-0612, p. 7 (La. 3/17/06), 929 So.2d 1211, 1217.
LAW AND DISCUSSION
Deputy Perkins testified that she was a transportation deputy with the Jefferson Parish Sheriffs Office (“JPSO”) on the date of the auto accident. Following the accident, she contended that JPSO paid for certain medical treatment she received. She further testified Angelle Di-Giovanni of the JPSO insurance department provided a form entitled ‘Workers’ Compensation Information.” She also testified that Ms. DiGiovanni told her that she “would get paid a hundred percent” of her salary and medicals and that she “wouldn’t be responsible for anything.” On cross-examination, the claimant admitted she was a deputy sheriff with JPSO on December 22, 2012, the date of the accident.
Louisiana Revised Statute 23:1034, relative to workers’ compensation for public employees, provides an exception to coverage for sheriff deputies at sub-part (B):
Except as expressly and specifically provided to the contrary in Subsection A hereof, the officials exempted from coverage under the provisions of this Chapter, in Subsection A of this Section, include all public officers as defined by R.S. 42:1. In this regard, sheriffs’ deputies are, under R.S. 42.1, 13:5537, and 13:5901 et seq., appointed public officers and officials of their respective subdivisions, the parish law enforcement districts. (Emphasis added).
Despite excluding sheriff deputies from workers’ compensation, the Legislature provided in pertinent part that “any political subdivision may, in its own discretion and by using its own funds available for same, provide workers’ compensation for its officials, in addition to having to provide such coverage for its employees.” La. R.S. 23:1034(C).
The statutory exclusion has been enforced. Kaufman v. City of New Orleans, 98-443 (La.App. 5 Cir. 10/28/98), 720 So.2d *274 835, writ denied, 98-3169 15(La.2/12/99), 738 So.2d 576. Even as the sheriff voluntarily paid deputy sheriffs salary and medical bills in his discretion after she was injured on the job, this did not establish workers’ compensation coverage for the deputy, who was statutorily excluded from receipt of those benefits. See McKenzie v. Marino, 90-518 (La.App. 5 Cir. 2/14/91), 575 So.2d 506. In McKenzie, the Fifth Circuit affirmed the trial court’s sustaining of the sheriffs exception of no cause of action based on the sheriff deputy’s exclusion from workers’ compensation in La. R.S. 23:1034(B). Id.
We find La. R.S. 1034(B) & (C), the statutory exclusion for sheriff deputies, applicable to Dep. Perkins’s claim. It is undisputed that she was a sheriff deputy employed by the Jefferson Parish Sheriffs Office at the time of the accident. Whether she received verbal or written workers’ compensation information or even salary or medical payments from the sheriffs insurance office, we find that such information or payment did not constitute or establish workers’ compensation coverage for her. McKenzie, 575 So.2d at 506. The trial court did not err in sustaining the Jefferson Parish Sheriffs Office exception of no cause of action.
Perkins also claims that the trial court erred in not permitting an amendment. When the grounds of the exception can be removed by amendment of the petition, Louisiana Code of Civil Procedure article 934 requires the court to order the amendment. On review of the record in this proceeding, the court finds the grounds of the exception, based on the undisputed status of the parties, cannot be removed by amendment of the petition. The Court finds this claim to be without merit.
| ^CONCLUSIONS
Based on the foregoing de novo review, the Court concludes the trial court did not err in sustaining the Sheriffs exception of no cause of action and dismissing claimant/appellant’s claim with prejudice.
ORDER
Accordingly, the ruling of the workers’ compensation court is affirmed.

AFFIRMED

. This form in evidence has “Workers Compensation Information” in typed letter printed across the top with "JPSO” handwritten on the line printed as "BILL:_”