819 So.2d 1101 (2002)
Lorenzo CENTOFANTI
v.
DIAMOND OFFSHORE DRILLING, INC.
No. 2001 CA 1691.
Court of Appeal of Louisiana, First Circuit.
May 22, 2002.
Steven P. St. Martin, Houma, for Plaintiff Appellant Lorenzo Centofanti.
Cameron B. Simmons, Jeanerette, Christopher B. Siegrist, Houma, for Defendant Appellee Diamond Offshore Drilling, Inc.
Before: FOGG, DOWNING, and CLAIBORNE,[1] JJ.
*1102 FOGG, J.
In this admiralty case, the plaintiff appeals a judgment granting summary judgment in favor of the defendant, sustaining the defendant's exception of no right of action, and dismissing the plaintiff's lawsuit with prejudice. For the following reasons, we reverse.
Allegedly, on December 14, 1997, Lorenzo Centofanti, an Australian citizen and employee of Diamond Offshore Drilling, Inc., was injured while on the M/V Ocean General, a semi-submersible vessel, operating in the South China Sea off the coast of Malaysia. He filed suit in St. Mary Parish, asserting claims of negligence under the Jones Act and unseaworthiness under general maritime law.
Diamond Offshore Drilling responded by filing a peremptory exception raising the objection of no right of action and, in the alternative, a motion for summary judgment, asserting 46 U.S.C.A. § 688(b) precludes foreign seamen who are injured while engaged in oil drilling or production in foreign waters from maintaining an action under the Jones Act or general maritime law.
46 U.S.C.A. § 688(b) provides that:
(1) No action may be maintained under subsection (a) [the Jones Act] of this section or under any other maritime law of the United States for maintenance and cure or for damages for the injury or death of a person who was not a citizen or permanent resident alien of the United States at the time of the incident giving rise to the action if the incident occurred
(A) while that person was in the employ of an enterprise engaged in the exploration, development, or production of off-shore mineral or energy resourcesincluding but not limited to drilling, mapping, surveying, diving, pipelaying, maintaining, repairing, constructing, or transporting supplies, equipment or personnel, but not including transporting those resources by a vessel constructed or adapted primarily to carry oil in bulk in the cargo spaces; and
(B) in the territorial waters or waters overlaying the continental shelf of a nation other than the United States, its territories, or possessions. As used in this paragraph, the term "continental shelf" has the meaning stated in article I of the 1958 Convention on the Continental Shelf.
(2) The provisions of paragraph (1) of this subsection shall not be applicable if the person bringing the action establishes that no remedy was available to that person
(A) under the laws of the nation asserting jurisdiction over the area in which the incident occurred; or
(B) under the laws of the nation in which, at the time of the incident, the person for whose injury or death a remedy is sought maintained citizenship or residency.
It is undisputed that 46 U.S.C.A. § 688(b)(1) applies as Centofanti seeks a remedy under the Jones Act and general maritime law, is not a United States citizen, and was employed by an enterprise, Diamond Offshore Drilling, that was engaged in the exploration and production of off-shore energy resources outside the territorial waters of the United States. The trial court determined that 46 U.S.C.A. § 688(b)(2) prevents the plaintiff from bringing this action because he has a remedy under the laws of his home country, Australia. The trial court sustained the exception and granted the motion, dismissing Centofanti's suit. This appeal followed.

*1103 MOTION FOR SUMMARY JUDGMENT
On a motion for summary judgment, the mover need not negate all essential elements of the adverse party's claim, but rather must simply show that there is an absence of factual support for one or more elements essential to the adverse party's claim. LSA-C.C.P. art. 966(C)(2). Once the mover has made a prima facie showing that the motion should be granted, if the non-movant bears the burden of proof at trial on the issue before the court, the burden shifts to him to present evidence demonstrating that material factual issues remain. LSA-C.C.P. art. 966(C)(2); Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. To carry its burden of proof, Diamond Offshore Drilling had to show that the plaintiff has a remedy under the laws of either Australia or Malaysia. In moving for summary judgment, Diamond Offshore Drilling relied solely on the assertion that Centofanti has a remedy in Australia.
It is undisputed that Centofanti submitted a claim for benefits under Western Australia's Compensation law, that Diamond Offshore Drilling initially disputed its liability under that legislation, and that Centofanti has received some payments pursuant to that legislation. Absent from the record is evidence of the finality of Centofanti's award of benefits. Therefore, Diamond Offshore Drilling failed to make a prima facie showing that Centofanti has a remedy in Australia, and the trial court erred in granting summary judgment in its favor.

EXCEPTION OF NO RIGHT OF ACTION
The essential function of an exception of no right of action is to test whether the plaintiff has a real and actual interest in the action. LSA-C.C.P. art. 927(A)(5). Its purpose is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. It assumes that the petition states a valid cause of action and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 94-2015 (La.11/30/94), 646 So.2d 885.
The exception of no right of action relates solely to the person of the plaintiff. In Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328, 333 (La. 1972), the Louisiana Supreme Court listed two possible questions that can be raised by an exception of no right of action: (1) whether the plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy, and (2) whether plaintiff has the right to invoke a remedy which the law extends only conditionally.
In the instant case, 46 U.S.C.A. § 688(b) extends a right of action to invoke a remedy under the Jones Act and general maritime law only conditionally. Clearly, Centofanti belongs to the class in whose favor the law affords a remedy. However, he obtains a right of action against his employer in this country only if he has no remedy in Australia or Malaysia. Accordingly, an employer that proves that the plaintiff cannot fulfill the requirements of 46 U.S.C.A. § 688(b)(2) is entitled to dismissal of the claim against it on an exception of no right of action.
The same evidence was before the trial court on both the motion for summary judgment and the exception of no right of action. As discussed above, Diamond Offshore Drilling failed to definitively show that Centofanti has a remedy under the laws of either Australia or Malaysia. Therefore, the trial court improperly sustained its exception of no right of action.

*1104 CONCLUSION
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Diamond Offshore Drilling, sustaining Diamond Offshore Drilling's exception of no right of action, and dismissing the plaintiffs suit is reversed. Costs are assessed against the appellee, Diamond Offshore Drilling, Inc.
REVERSED.
NOTES
[1] Retired Judge Ian W. Claiborne is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.