835 So.2d 842 (2002)
Bobby JACKSON, Sr.
v.
ST. HELENA PARISH SHERIFF'S DEPARTMENT and Ronald Ficklin, Sheriff St. Helena Parish.
No. 2001 CA 2792.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
*843 J. David Smith, Baton Rouge, for PlaintiffAppellant Bobby Jackson, Sr.
Freeman R. Matthews, Craig E. Frosch, New Orleans, for DefendantAppellee St. Helena Parish Sheriff Ronald Ficklin.
Before: FOIL, FOGG, and KLINE,[1] JJ.
FOGG, J.
The salient issue raised on appeal in this action for workers' compensation benefits is whether a jailer is precluded from receiving such benefits pursuant to LSA-R.S. 23:1034. For the following reasons, we affirm.
Bobby Jackson, Sr., was employed as a jailer by the St. Helena Parish Sheriff's Department when he was injured during a training exercise. On January 10, 2001, Jackson filed a disputed claim for compensation with the Louisiana Office of Workers' Compensation.
Ronald Ficklin, the Sheriff of St. Helena Parish, responded by filing a peremptory exception raising the objection of no right of action, claiming that, because Jackson was an appointed deputy sheriff at the time of the accident, he is ineligible for workers' compensation benefits pursuant to LSA-R.S. 23:1034(A). The workers' compensation judge sustained the exception *844 of no right of action. Jackson appeals.
The peremptory exception pleading the objection of no right of action questions whether a plaintiff falls within the particular class to which the law grants a remedy for the particular harm alleged. LSA-C.C.P. art. 927(A)(5); Horrell v. Horrell, 99-1093 (La.App. 1 Cir. 10/6/00), 808 So.2d 363, writ denied, 2001-2546 (La.12/7/01), 803 So.2d 971. Whether a plaintiff has a right of action is a question of law; therefore, it is reviewed de novo on appeal. Horrell, 808 So.2d at 368. To prevail, the defendant must demonstrate that the plaintiff does not possess an interest in the subject matter of the suit or legal capacity to proceed with the suit. Talbot v. C & C Millworks, Inc., 97-1489 (La.App. 1 Cir. 6/29/98), 715 So.2d 153.
LSA-R.S. 23:1034 provides, in pertinent part:
A. The provisions of this Chapter shall apply to every person in the service of the state or a political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the state or a political subdivision thereof or of any such incorporated public board or commission; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory; provided that one employed by a contractor who has contracted with the state or other political subdivision, or incorporated public board or commission through its proper representative, shall not be considered an employee of the state, or other political subdivision, or incorporated public board or commission; further, provided that members of the police department, or municipal employees performing police services for any municipality who are not elected officials shall be covered by this Chapter and shall be eligible for compensation; and provided further that criminal deputy sheriffs for the parish of Orleans shall be covered by this Chapter and shall be eligible for compensation as provided herein.
B. Except as expressly and specifically provided to the contrary in Subsection A hereof, the officials excepted from coverage under the provisions of this Chapter, in Subsection A of this Section, include all public officers as defined by R.S. 42:1. In this regard, sheriffs' deputies are, under R.S. 42:1, 33:1433, and 33:9001 et seq., appointed public officers and officials of their respective political subdivisions, the parish law enforcement districts.
C. Notwithstanding the provisions of Subsection A of this Section, any political subdivision may, in its own discretion and by using its own funds available for same, provide workers' compensation coverage for its officials, in addition to having to provide such coverage for its employees. When a political subdivision elects to provide workers' compensation for its officials, the provisions of R.S. 23:1032 regarding exclusiveness of remedies and employer's liability shall apply to any injury, illness, or disease compensable under this Chapter.
Pursuant to this legislation, because sheriff's deputies are defined as appointed public officers of their parish law enforcement districts, they are excluded from workers' compensation coverage. Kaufman v. City of New Orleans, 98-443 (La.App. 5 Cir. 10/28/98), 720 So.2d 835, writ denied, 98-3169 (La.2/12/99), 738 So.2d 576.
Jackson avers that he falls outside this statutory exception as he is a jailer rather *845 than a deputy sheriff. We disagree. Pursuant to LSA-R.S. 33:1435, the sheriff is charged with the legal duty to be the keeper of the parish jail. Jailers are recognized as a category of deputy sheriffs in LSA-R.S. 33:1432.1 and LSA-R.S. 40:2402. Furthermore, this court has determined that a crossing guard is a deputy sheriff, and therefore excluded from workers' compensation benefits. Smith v. St. Tammany Sheriff's Office, 95-0960 (La. App. 1 Cir. 2/23//96), 668 So.2d 1331, writ denied, 96-0761 (La.5/3/96), 672 So.2d 694. See also Lewis v. Jefferson Parish Sheriff's Office, 01-257 (La.App. 5 Cir. 9/25/01), 798 So.2d 249, (wherein the court found that a cook in the Jefferson Parish Correctional Center was not entitled to workers' compensation payments for her injury); Kaufman v. City of New Orleans, 98-443 (La.App. 5 Cir. 10/28/98), 720 So.2d 835, writ denied, 98-3169 (La.2/12/99), 738 So.2d 576, (wherein the court found that a deputy sheriff working a security detail at the New Orleans International Airport was exempt from receiving workers' compensation benefits).
Considering the above, we conclude that Bobby Jackson, Sr. was employed as a deputy sheriff with the St. Helena Parish Sheriff's Office and, therefore, does not fall within the general category of persons to whom the law affords the remedy of workers' compensation. Therefore, the judgment of the workers' compensation judge sustaining the objection of no right of action is correct.
For the foregoing reasons, we affirm the judgment of the workers' compensation judge. Costs are assessed against Bobby Jackson, Sr.
AFFIRMED.
NOTES
[1] Retired Judge William F. Kline, Jr. is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.