944 So.2d 598 (2006)
Alvin FLORIDA, Jr., Curator for Alvin Florida, Sr. and Elmira Florida
v.
Deborah STOKES and Ultra Health Services, Inc.
No. 2005 CA 2004.
Court of Appeal of Louisiana, First Circuit.
September 20, 2006.
*599 Timothy E. Pujol, Donnie L. Floyd, Prairieville, for Plaintiffs-Appellants Alvin Florida, Jr., Curator for Alvin Florida, and Elmira Florida.
*600 April L. Watson, Baton Rouge, for Defendant-Appellee Ultra Health Services, Inc.
William H. Parker, III, Lafayette, for Defendant-Appellee Deborah Stokes.
Before: PETTIGREW, DOWNING, and HUGHES, JJ.
PETTIGREW, J.
In this action, petitioner filed suit on behalf of a family member seeking recovery for fraudulent acts allegedly committed by an employee of a home health service. Petitioner now appeals from a trial court judgment that dismissed his petition based upon maintenance of a peremptory exception raising the objection of no right of action. We hereby reverse and remand.

FACTS
Petitioner Alvin Florida, Jr. ("Alvin Jr."), "a resident of the full age of majority of the State of Louisiana, in his capacity as the curator for Alvin Florida, Sr.," joined with fellow petitioner Elmira Florida ("Ms. Florida") and filed a Petition for Damages on May 28, 2004.[1] According to the allegations of the petition, from September 2001 to August 2003, defendant Deborah Stokes, in the course and scope of her employment with defendant Ultra Health Services, Inc. ("Ultra"), performed home health services for Alvin Florida, Sr., initially at his home, and thereafter at the home of Ms. Florida. Ms. Florida is alleged to be the sister of Alvin Florida, Sr.
It is further alleged that during this time, Ms. Stokes took advantage of Alvin Florida, Sr.'s dementia, which resulted from "an Alzheimer's type syndrome," and engaged in repeated acts of fraud and deception so as to misappropriate money and personal items from Alvin Florida, Sr. In addition, it is alleged that Ms. Stokes wrote checks to herself on Ms. Florida's account. Upon proof of these alleged acts, Alvin Florida, Sr., appearing herein through his alleged curator, Alvin Jr., together with Ms. Florida seek damages plus legal interest and attorney fees from Ms. Stokes and Ultra.
Ultra and Ms. Stokes responded by filing individual answers to the petition, and Ms. Stokes set forth a reconventional demand for damages resulting from injury to her reputation. On March 2, 2005, Ultra filed a peremptory exception raising the objection of no right of action together with a memorandum in support. Ultra asserted that Alvin Jr. had no justiciable interest in this matter as he was neither a curator nor a provisional curator for Alvin Florida, Sr. at the time this matter was filed.[2]
In response, Alvin Jr. attempted to cure the alleged defect in the petition through the filing of an Amended Petition for Damages on April 8, 2005. Therein Alvin Jr. alleged to be "a resident of the full age of majority of the State of California, appearing pursuant to a Power of Attorney executed in his favor by ELMIRA FLORIDA on March 3, 2005 and a Power of Attorney executed in his favor by ALVIN FLORIDA, *601 SR., on March 3, 2005." Pursuant to the allegations contained in the amended petition, Alvin Jr. altered his capacity from curator for Alvin Florida, Sr. to that of agent for both Alvin Florida, Sr. and fellow petitioner Ms. Florida. In his amended petition, Alvin Jr. reasserted the demands set forth in the original petition that he filed with Ms. Florida. On April 12, 2006, Alvin Jr. was granted leave of court to amend the petition.
On April 20, 2005, Ultra filed a motion and order to vacate the trial court's April 12, 2005 order that allowed Alvin Jr. to amend the petition. Ultra contended that the objections raised in its pending exception raising the objection of no right of action could not be cured through an amendment of the petition. Ms. Stokes, on May 11, 2005, filed a similar peremptory exception raising the objection of no right of action together with a memorandum in support, expressly adopting the memorandum previously filed by Ultra as support for her exception.
Thereafter, on May 31, 2005, the trial court heard arguments on Ultra's motion to vacate its order allowing amendment of the petition, together with the peremptory exceptions filed by Ultra and Ms. Stokes that raised objections of no right of action. At the conclusion of the hearing, the trial court sustained the objection as to no right of action with respect to the claims asserted on behalf of Alvin Florida, Sr. With respect to the claims asserted on behalf of Ms. Florida, the trial court overruled the objection of no right of action based on its finding that Ms. Florida had filed the lawsuit in her individual capacity. The trial court further granted the motion to vacate its order, thereby dismissing all claims brought by Alvin Jr. on behalf of Alvin Florida, Sr. A judgment to this effect was signed by the court on June 13, 2005. From this adverse judgment, Alvin Jr., in his capacity as agent for Alvin Florida, Sr., has appealed.

ISSUE PRESENTED ON APPEAL
In connection with his appeal in this matter, Alvin Jr., in his capacity as agent for Alvin Florida, Sr., presents the following issue for consideration by this court:
Did the honorable trial court err in vacating the order to allow Alvin Jr. to amend the original Petition for Damages to reflect his status as agent for Alvin Sr. and granting defendants' No Right of Action exception?

STANDARD OF REVIEW
Generally, an action can be brought only by a person having a real and actual interest that he asserts. La.Code Civ. P. art. 681. The peremptory exception pleading the objection of no right of action assumes a viable cause of action and challenges whether the plaintiff has a legal interest in judicially enforcing that cause or remedy. Centofanti v. Diamond Offshore Drilling, 01-1691, p. 4 (La.App. 1 Cir. 5/22/02), 819 So.2d 1101, 1103. Whether a person possesses a right of action depends upon whether the particular plaintiff belongs to the class in whose favor the law extends a remedy. Northshore Capital Enterprises v. St. Tammany Hospital District # 2, 01-1606, p. 4 (La. App. 1 Cir. 6/21/02), 822 So.2d 109, 112, writ denied, 02-2023 (La.11/1/02), 828 So.2d 584. Whether a plaintiff has a right of action is a question of law. Therefore, it is reviewed de novo on appeal. Jackson v. St. Helena Parish Sheriff's Department, 01-2792, p. 2 (La.App. 1 Cir. 1/8/02), 835 So.2d 842, 844. To prevail, the defendant must show that the plaintiff does not possess an interest in the subject matter of the suit. Id.

*602 ANALYSIS
As part of the original petition that he filed together with Ms. Florida, Alvin Jr. alleged that he was "a resident of the full age of majority of the State of Louisiana" and that he was appearing "in his capacity as the curator for ALVIN FLORIDA, SR." As part of its memorandum offered in support of its peremptory exception, Ultra attached copies of an interdiction proceeding filed in East Baton Rouge Parish in 2002, wherein Alvin Jr. and a Patricia Florida sought appointment as curator and undercurator [sic], respectively, for Alvin Florida, Sr. In the interim, Alvin Jr. sought and was appointed as provisional curator of the estate of Alvin Florida, Sr., conditioned upon the posting of a $150,000.00 bond. There is no record of a bond having been posted, or letters of curatorship having been issued. Accordingly, the interdiction proceeding has never been finalized.
It is evidently undisputed that when Ultra filed its peremptory exception on March 2, 2005, Alvin Jr. did not have an interest in the subject matter of Alvin Florida, Sr.'s alleged cause of action. In an attempt to cure the defect in the petition that he filed with Ms. Florida, Alvin Jr. filed an amended petition wherein he attempted to proceed as "agent" for both Alvin Florida, Sr. and Ms. Florida pursuant to separate powers of attorney allegedly executed by Alvin Florida, Sr. and Ms. Florida on March 3, 2005.
Following a hearing on the peremptory exceptions filed by Ultra and Ms. Stokes together with Ultra's motion to vacate the trial court's order, the trial court sustained the objections of no right of action with respect to the claims asserted on behalf of Alvin Florida, Sr. and granted Ultra's motion to vacate the order permitting amendment of the petition. Accordingly, the trial court dismissed the claims brought on behalf of Alvin Florida, Sr. In its written reasons for judgment, the trial court opined:
. . . [C]learly, Mr. Florida didn't have a right to file this suit on behalf of Alvin Florida, Sr., when he initially filed it. And I don't think that an amendment can cure that fault. A supplemental petition would be adding a new plaintiff, and it would be Alvin Florida, Sr., pursuant to the power of attorney, as opposed to Alvin Florida, Jr., who was the original plaintiff.
So I don't think the amendment cured the defect, and I don't think it can cure the defect. So I'm going to sustain the peremptory exception of no right of action with regard to Alvin Florida, Jr., suing on behalf of Alvin Florida, Sr., and strike the court's approval of the filing of the amended petition that was filed in April of this year.
As pointed out, Elmira Florida sued in her own name and this in no way affects her rights in this suit.
I'll sustain the exception.
It is clear from the foregoing oral reasons that the trial court erred in its assertion that Alvin Jr. was an original plaintiff in this matter. Based upon the allegations contained in the petition, Alvin Jr. was appearing not in his individual capacity, but rather in his capacity as the curator of Alvin Florida, Sr. Had the interdiction of Alvin Florida, Sr. been finalized, the curator of Alvin Florida, Sr. would have been the proper party to sue to enforce a right belonging to Alvin Florida, Sr. La.Code Civ. P. art. 684.
Thereafter, Alvin Jr. filed an amended petition wherein he altered his capacity from curator for Alvin Florida, Sr. to that of agent for Alvin Florida, Sr. and fellow petitioner Ms. Florida pursuant to individual powers of attorney. The originals of said powers of attorney were executed before *603 a Louisiana notary on March 3, 2005, and introduced into the record in this matter. The individual powers of attorney were executed by Ms. Florida and Alvin Florida, Sr., and purport to convey to Alvin Jr. the general power to act in and for each principal in their respective,
name, place and stead, to represent [said principal] in any and all matter including but not limited to pleadings, discovery, settlement negotiations execution of settlement documents and checks, and/or drafts, etc. in that civil lawsuit entitled "Alvin Florida, Jr., Curator for Alvin Florida, Sr. and Elmira Florida versus Deborah Stokes and Ultra Health Services, Inc.,["] Number 520,688, Section 24 of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.
The aforementioned powers of attorney further stated that "[a]ny and all prior acts [executed by said agent and attorney-in-fact] are hereby approved and ratified as if signed after the execution of this procuration."
We are mindful that in connection with the 2002 interdiction proceeding, Alvin Jr. alleged that "[b]ecause of his excessive age and mental and/or physical illnesses relating to his diagnosed dementia of the Alzheimer's type, Alvin Florida, Sr. [was] incapable of taking care of his person and administering his estate." Nevertheless, said interdiction was never finalized. While these prior allegations call into question the capacity of Alvin Florida, Sr. to execute a power of attorney three years later in 2005, the validity of the power of attorney executed by Alvin Florida, Sr. is not an issue presently before this court.
The presumption is that all persons have the capacity to contract. Matter of Adoption of Smith, 578 So.2d 988, 992 (La.App. 4 Cir.), writ denied, 581 So.2d 687 (La.1991). The exception being that unemancipated minors, interdicts and persons deprived of reason at the time of contracting, lack legal capacity to contract. La. Civ.Code art. 1918. Lack of capacity must be shown by clear and convincing evidence. Higgins v. Spencer, 531 So.2d 768, 770 (La.App. 1 Cir.), writ denied, 532 So.2d 106 (La.1988).
Louisiana has long recognized that a principal may ratify the acts of an agent. In the law of agency, ratification is the adoption by one person of an act done on his behalf by another without authority. ODECO Oil & Gas Company v. Nunez, 532 So.2d 453, 464 (La.App. 1 Cir.1988), writ denied, 535 So.2d 745 (La.1989); Bamber Contractors, Inc. v. Morrison Engineering & Contracting Company, Inc., 385 So.2d 327, 331 (La.App. 1 Cir.1980); see also La. Civ.Code arts. 3008, 3010. In order for ratification to occur, the person to be bound must, with full knowledge of all material facts, express an interest to adopt the unauthorized acts. ODECO Oil, 532 So.2d at 464.
The burden of proving ratification is upon the party asserting it, and to find ratification of an unauthorized act, the facts must indicate a clear and absolute intent to ratify the act, and no intent will be inferred when the alleged ratification can be explained otherwise. Nationwide Finance Co. of Gretna, Inc. v. Pitre, 243 So.2d 326, 328 (La.App. 4 Cir.1971). See Bamber Contractors, 385 So.2d at 331. An unauthorized contract may only be ratified by a party possessing the power to contract in the first instance. Chandler & Chandler v. City of Shreveport, 162 So. 437, 440 (La.App. 2 Cir.1935).
Louisiana Civil Code article 3024 provides that:
In addition to the causes of termination of contracts under the Titles governing "Obligations in General" and *604 "Conventional Obligations or Contracts," both the mandate and the authority of the mandatory terminate upon the:
(1) Death of the principal or of the mandatory.
(2) Interdiction of the mandatory.
(3) Qualification of the curator after the interdiction of the principal.
Upon application of these precepts to the case at bar, there is no question that although a proceeding to interdict Alvin Florida, Sr. had previously been filed, said proceeding had never been consummated or finalized, and Alvin Florida, Sr. was never formally interdicted. Absent clear and convincing evidence to the contrary, we must presume that Alvin Florida, Sr. possessed the requisite capacity to contract at the time he executed the power of attorney on March 3, 2005. As Alvin Jr. is the party asserting the validity of the power of attorney he holds, it is incumbent upon him to establish that Alvin Florida, Sr. clearly intended, through execution of the power of attorney, to specifically ratify the previous acts performed for his benefit by Alvin Jr.
If Alvin Florida, Sr. did in fact ratify Alvin Jr.'s filing of the above suit on his behalf, then it would be a valid ratification and the peremptory exception raising the objection of no right of action should be reversed and the suit maintained. There is, however, insufficient evidence in this record for us to determine whether Alvin Florida, Sr. possessed the capacity, as required in Chandler, to ratify the act in the first place.
For these reasons, we must conclude that the trial court erred in vacating the order to allow Alvin Jr. to amend the Original Petition for Damages to reflect his status as agent for Alvin Florida, Sr. and maintaining the peremptory exceptions that raised the objection of no right of action. We further remand this proceeding to the trial court for the purpose of a hearing as to whether Alvin Florida, Sr. possessed, on the date he executed the power of attorney, the requisite capacity to ratify the acts previously performed on his behalf by Alvin Jr.

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court that vacated its earlier order allowing amendment of the petition and maintaining the peremptory exceptions that raised the objection of no right of action is hereby reversed. This matter is hereby remanded to the trial court for further proceedings to determine the capacity of Alvin Florida, Sr. to ratify the earlier acts of Alvin Florida, Jr. All costs associated with this appeal shall be assessed against defendants, Deborah Stokes and Ultra Health Services, Inc.
REVERSED AND REMANDED.
NOTES
[1] Although petitioner, Alvin Florida, Jr., is presumed to be the son of Alvin Florida, Sr., no evidence corroborating their precise relationship is found within the record.
[2] As part of its supporting memorandum Ultra introduced a copy of an interdiction proceeding that Alvin Jr. filed in the 19th Judicial District Court in 2002 for the purpose of interdicting Alvin Florida, Sr. Alvin Jr. alleged therein that due to "his excessive age and mental and/or physical illnesses relating to his diagnosed dementia of the Alzheimer's type, Alvin Florida, Sr. [was] incapable of taking care of his person and administering his estate." Said interdiction proceeding was never finalized.