11 ARMSTRONG, Judge.
The defendant-realtor in this writ application seeks review of a decision of the trial court overruling a venue exception. We find that, under the unusual facts of this case, the defendant-relator is estopped as to the question of venue, and so we affirm.
Plaintiff-respondent Craig Major filed suit in Orleans Parish against defendant-respondent Telerecovery of Louisiana, Inc. Prior to filing the suit, the attorney for the plaintiff-respondent checked with the office of the Louisiana Secretary of State as to the parish of domicile of the defendant-respondent. The Secretary of State mailed to the attorney for the plaintiff-respondent information stating that the defendant-respondent was a domestic corporation domiciled in Orleans Parish and that the address of its registered office was 201 Evans Road, Suite 401, New Orleans, Louisiana 70128. Based upon that information, the plaintiff-respondent filed suit in Orleans Parish.
The defendant-relator filed an exception of improper venue based upon the fact that its registered office is, in fact, physically located in Jefferson Parish rather than Orleans Parish. Venue for an action against a domestic corporation is “in the | ^.parish where its registered office is located.” La.Code Civ. Proc. art. 42(2). See E. Sondheimer Co. v. Hibernia Corp., 97-2460 (La.App. 4 Cir. 12/10/97), 704 So.2d 386, writ denied, 713 So.2d 470 (La.1998). Cochren v. LP&L, 94-0002 (La.App. 4 Cir. 6/15/94), 639 So.2d 342, writ denied, 644 So.2d 654 (La.1994). See also La.R.S. 12:104 (requirement for registered office).
The confusion from which this venue dispute arises is caused by the fact that, while the location of defendant-relator’s registered office, 201 Evans Road, is in the Elmwood area of Jefferson Parish, the U.S. Postal Service allows, and in fact prefers, the use of “New Orleans” for that address. Thus, when the defendant-relator filed with the Secretary of State its initial report, La.R.S. 12:101 and its subsequent annual reports, La.R.S. 12:102, it stated the address of its registered office as “201 Evans Road, Suite 401, New Orleans, Louisiana 70123.” Consequently, the Secretary of State listed the address of defendant-relator’s registered office as “New Orleans” and its parish of domicile as “Orleans.”
Plaintiff-respondent advances two arguments in opposition to the exception of venue. First, that the domicile of a domestic corporation is determined by its statements to Secretary of State as to the address of its registered office rather than the actual physical location of its registered office. Second, that the defendant-relator, because of its statement to the Secretary of State, is estopped to deny that venue is proper in Orleans Parish. In connection with this second argument, the plaintiff-respondent points out that, if venue is held to be improper, then there could be serious repercussions as to prescription, because filing suit in the wrong |3parish does not interrupt prescription. We agree with the plaintiff-respondent’s second argument, estoppel, and do not consider his first argument.
*525 Three elements are required for the application for equitable estoppel: (1) a representation by conduct or word; (2) justifiable reliance thereon; and (3) a change in position to one’s detriment because of the reliance. Morris v. Friedman, 94-2808 (La.11/27/95), 663 So.2d 19; Succession of Hirt, 91-1232 (La.App. 4 Cir. 1/21/93), 612 So.2d 1064, writ denied, 615 So.2d 338 (La.1993). All three elements are met in this case.
First, the defendant-relator represented to the Secretary of State that its registered office was in “New Orleans” which, of course, would signify Orleans Parish. While the U.S. Postal Service prefers “New Orleans” for the address of 201 Evans Road, it will also accept “Harahan,” “Jefferson” or “Elmwood” for that address, so defendant-relator was not required to use “New Orleans.” Also, defendant-relator, in its reports to the Secretary of State, could have noted the physical location of its registered office was in Jefferson Parish despite the “New Orleans” in its address.
Second, the plaintiff-respondent was fully justified in relying upon the Secretary of State’s records which reflected that defendant-relator’s registered office was in Orleans Parish. These are official records upon which the public, in most circumstances, should be able to rely.
Third, the plaintiff-respondent changed his position in the sense that he filed suit in Orleans Parish rather than Jefferson Parish. This would be to his detriment |4if venue were found to be improper because of the lack of interruption of prescription.
Lastly, defendant-relator argues that, because it recorded its articles of incorporation in Jefferson Parish rather than Orleans Parish, its registered office is necessarily in Jefferson Parish. However, the parish of the registered office is determined by filings with the Secretary of State rather than the filings with the parish mortgage records. McNeese v. P.I.A. Slidell, Inc., 643 So.2d 760 (La.1994).
For the foregoing reasons, the defendant-relator is denied relief and the judgment of the trial court is affirmed.

WRIT DENIED; AFFIRMED.