816 So.2d 996 (2002)
Bobby ELLIOTT and Norma Elliott
v.
CATAHOULA PARISH POLICE JURY.
No. 02-9.
Court of Appeal of Louisiana, Third Circuit.
May 8, 2002.
*997 Patrick L. Boothe, Smith, Taliaferro, Purvis & Boothe, Jonesville, LA, for Plaintiffs/Appellees, Bobby Elliott, Norma Elliott.
William A. Yarbrough, Assistant District Attorney, Vidalia, LA, for Defendant/Appellant, Catahoula Parish Police Jury.
Court composed of MARC T. AMY, MICHAEL G. SULLIVAN, and GLENN B. GREMILLION, Judges.
SULLIVAN, Judge.
The Catahoula Parish Police Jury (CPPJ) appeals the trial court's judgment, ordering it to reinstate health insurance coverage for Bobby and Norma Elliott and to maintain health insurance on each of them for the duration of their lives. Finding no error with the trial court's judgment, we affirm.
From 1975 until 1999, the CPPJ provided health insurance to Bobby Elliott and his wife, Norma. In 1999, the CPPJ discontinued the Elliott's health insurance, and the Elliotts sued the CPPJ to have it reinstated. The parties entered into the following stipulation and submitted the matter to the trial court for a decision on the record:
1.
On or about the 12th day of May, 1975 Mr. Elliott was severely injured in a fire-related accident during the course and scope of his employment with Catahoula Parish Police Jury. Mr. Elliott agreed to release the Police Jury from all claims arising out of the accident in exchange for the Jury's agreement to furnish health insurance to Mr. Elliott and his wife for the duration of their lives.
2.
The Jury furnished said insurance coverage until, at the Jury's February meeting in 1999, the Jury discontinued furnishing health insurance to Mr. and Mrs. Elliott.
The trial court held that the Elliotts were entitled to have the verbal agreement enforced.
The CPPJ argues that Mr. Elliott's agreement is invalid because it was never presented at one of its regular meetings and voted on by all of its members. We do not agree. A municipality or other governmental agency may be estopped "where the act or contract relied on to create the estoppel was within its corporate powers, although the method of exercising the power was irregular or unauthorized." Rogers v. First Sewerage Dist. of City of Lake Charles, 171 So.2d 820, 824, (La.App. 3 Cir.1965), writ denied, 247 La. 716, 174 So.2d 130 (1965), quoting State ex rel. Shell Oil %65 2Co. v. Register of State Land Office, 193 La. 883, 891, 192 So.2d 519, 521 (1939). The CPPJ does not claim that it could not have legally entered into the agreement at issue.
The CPPJ next argues that the Elliotts' claim does not satisfy the requirements of equitable estoppel or detrimental reliance. In Wilkinson v. Wilkinson, 323 So.2d 120, 126 (La.1975), the supreme court identified the elements of equitable estoppel:
Equitable estoppel, or `estoppel in pais,' can be defined as the effect of the voluntary conduct of a party whereby he is barred from asserting rights against another party justifiably relying on such conduct and who has changed his position to his detriment as a result of such reliance. Thus, there are three elements of estoppel: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance.
*998 These three elements are present here: (1) a member or members of the CPPJ represented that the CPPJ would provide Mr. Elliott and his wife health insurance for the duration of their lives; (2) the CPPJ paid the Elliott's health insurance premiums for 24¾ years, justifying their reliance on the representation; and (3) Mr. Elliott relied on the representation and did not pursue his claims against the CPPJ.
We find no error with the trial court's determination that the CPPJ is obligated to provide Mr. and Mrs. Elliott health insurance coverage for the duration of their lives. All costs of this appeal are assigned to the CPPJ.
AFFIRMED.