845 So.2d 1267 (2003)
F.M. "Butch" ROBERSON & Pamela Roberson
v.
LAFAYETTE OILMAN'S SPORTING CLAYS SHOOT, INC., et al.
F.M. "Butch" Roberson & Pamela Roberson
v.
Lafayette Oilman's Sporting Clays Shoot, Inc., et al.
Nos. 02-1275, 02-369.
Court of Appeal of Louisiana, Third Circuit.
April 30, 2003.
John A. Bivins, Roy, Bivins, Judice Roberts & Wartelle, Lafayette, LA, for Defendants/Appellants, *1268 Lafayette Oilman's Sporting Clays Shoot, Inc., First Financial Insurance Company, Doss Bourgeois, and Ronald Tate.
L. Donald Foreman, Lake Charles, LA, for Plaintiffs/Appellees, F.M. "Butch" Roberson and Pamela Roberson.
Dean Joseph Guidry, Lafayette, LA, for Defendant/Appellee, Jay Broussard.
E. Gregory Voorhies, Lafayette, LA, for Defendant/Appellee, Charles Hohorst.
M. Kevin Queenan, DeSoto, TX, for Plaintiffs/Appellees, F.M. "Butch" Roberson and Pamela Roberson.
Court composed of ULYSSES GENE THIBODEAUX, BILLIE COLOMBARO WOODARD, and GLENN B. GREMILLION, Judges.
THIBODEAUX, Judge.
Defendants, Lafayette Oilman's Sporting Clays Shoot, Inc. ("Lafayette Oilman's"), First Financial Insurance Company ("First Financial"), Doss Bourgeois, and Ronald Tate, appeal the trial court's judgment denying defendants' exceptions of improper venue and prescription. Suit was filed in St. Martin Parish. The defendants claim Lafayette is the proper venue. The trial court found that the doctrine of equitable estoppel was applicable in this case and, as a result, plaintiffs', F.M. "Butch" Roberson and Pamela Roberson, claims were not barred by defendants' exceptions.
We agree. We find that, under the particular facts of this case, defendants are estopped from denying venue.

I.

ISSUES
We shall consider whether the trial court erred in denying defendants' exceptions of improper venue and prescription and in granting plaintiffs' request for estoppel?

II.

FACTS
On October 9, 1999, Mr. Roberson, while attending a Louisiana Sporting Clays shooting event, fell approximately 20 feet from a skeet tower, receiving severe injuries including a multiple compound fracture of his leg.
On October 6, 2000, Mr. Roberson filed a personal injury action against the defendants in St. Martin Parish. Mr. Roberson maintained that St. Martin Parish was the proper venue to assert his claim based on the address contained in Louisiana Sporting Clays Corporation's initial report on file with the Secretary of State and on all of its other correspondence. The address was 790 Lake Martin Road, Breaux Bridge, Louisiana. According to the plaintiff, the City of Breaux Bridge lies entirely within St. Martin Parish. The Robersons concluded that St. Martin Parish was the proper venue to pursue their claim.
After suit was filed, the defendants challenged the plaintiffs' choice of venue. Though Louisiana Sporting Clays operated its business activities from a mobile home on the shooting range's property and received all mail at the Breaux Bridge address, its physical location was in Lafayette Parish, rather than St. Martin Parish.
Defendants filed an exception of improper venue, alleging that the plaintiffs wrongfully filed suit in violation of La. Code Civ.P. art. 42(2), which requires that "an action against a domestic corporation... shall be brought in the parish where *1269 its registered office is located." Defendants argued that venue was improper in St. Martin Parish since the accident did not occur there and the corporation is located in Lafayette Parish. Further, none of the defendants were domiciled in St. Martin Parish.
Additionally, defendants filed a peremptory exception of prescription, alleging that service of process was not timely. Mr. Roberson's date of injury was on October 9, 1999. Service of process was made upon the defendants after October 9, 2000, more than one year from the date of the plaintiff's accident. Since venue was improper and service was late, Mr. Roberson's cause of action had prescribed.
In response to the defendants' exceptions, the Robersons maintained that the defendants were equitably estopped from taking the position that the plaintiffs' claim had prescribed for improper venue. The Robersons argued that they relied on the representations made by the defendants in their communications and in its documents on file with the Secretary of State that its registered office was in Breaux Bridge, Louisiana, St. Martin Parish.
On or about February 26, 2002, the trial court entered judgment in favor of the Robersons. The court found that the plaintiffs reasonably relied on the defendants' representations that its registered office was located in Breaux Bridge. Further, the plaintiffs detrimentally relied on the defendants' representations such that the doctrine of equitable estoppel was applicable. "In the interest of justice," the trial court transferred this case to the Fifteenth Judicial District Court, Lafayette Parish pursuant to Louisiana Code of Civil Procedure Article 121.
Defendants, Lafayette Oilman's, First Financial, Mr. Bourgeois, and Mr. Tate, appeal the trial court's judgment.

III.

LAW AND DISCUSSION
Appellants argue that the trial court wrongfully denied its exceptions of improper venue and prescription based on the doctrine of equitable estoppel. We disagree.
A domestic corporation is to be sued in the parish where its registered office is located. La.Code Civ.P. art. 42(2). A corporation is required to report its location and mailing address of its registered office to the Secretary of State. "Every corporation shall continuously maintain an office in the state, to be known as its registered office. The location and post office address of the original registered office shall be stated in the initial report." La.R.S. 12:104. Further, if venue is proper as to the corporation under La.Code Civ.P. art. 42(2), then it is also proper as to all parties under La.Code Civ.P. art. 73 who are joint or solidary obligors. Thus, if venue was proper for Louisiana Sporting Clays Corporation, venue was also proper as to First Financial, Mr. Bourgeois, and Mr. Tate. Defendants argue that St. Martin Parish was never a proper venue for plaintiffs to initiate suit. While the corporation's address of its registered office was in Breaux Bridge, which St. Martin Parish encompasses, the actual location once surveyed determined that the shooting range, in fact, sat in Lafayette Parish. Thus, if defendants' argument is established, then plaintiffs never had proper venue to begin with as to the corporation nor to the other defendants, neither of whom were St. Martin Parish domiciliaries. Thus, plaintiffs' claim had prescribed.
This case involves an unusual set of circumstances, and we must examine the facts closely. Essentially, plaintiffs' *1270 argument is that the filings with the Secretary of State are "proof positive" of a corporation's address and location and can be reasonably relied upon to establish venue. Additionally, plaintiffs maintain that the defendants are estopped to deny plaintiffs' claim, because of Louisiana Sporting Clays' statements to the Secretary of State, that venue is proper in St. Martin Parish. Because we find that plaintiffs' estoppel argument subsumes their argument that one can reasonably rely on a corporation's address on file with the Secretary of State to establish proper venue, we will examine the doctrine of equitable estoppel to resolve this matter and to determine if the trial court committed manifest error in denying defendants' exceptions.
Equitable estoppel or `estoppel in pais' can be defined as the effect of the voluntary conduct of a party whereby he is barred from asserting rights against another party justifiably relying on such conduct and who has changed his position to his detriment as a result of such reliance. Thus, there are three elements of estoppel: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance.
Elliott v. Catahoula Parish Police Jury, 02-9, p. 1 (La.App. 3 Cir. 5/8/02); 816 So.2d 996, 997 (quoting Wilkinson v. Wilkinson, 323 So.2d 120, 125 (La.1975)).
In Morris v. Friedman, 94-2808, p. 9 (La.11/27/95); 663 So.2d 19, 25, the supreme court further elaborated on this issue: "[A] party having the means readily and conveniently available to determine the true facts, but who fails to do so, cannot claim estoppel. Further, estoppels are not favored in our law, and properly apply only as to representations of fact.... Finally, `[e]quitable considerations and estoppel cannot be permitted to prevail when in conflict with the positive written law.'"
Taking all the above rules of law into consideration in conjunction with the fourth circuit's analysis in Major v. Telerecovery of Louisiana, Inc., 99-1935 (La. App. 4 Cir. 11/17/99); 748 So.2d 523, which we find is dispositive of this issue, the doctrine of equitable estoppel is applicable in this specific case.
Defendants provided to the Secretary of State that its registered office was located at 790 Lake Martin Road, Breaux Bridge, Louisiana. Mr. Charles Hohorst, owner of Louisiana Sporting Clays, Inc., testified that even when he applied for a postal address in Lafayette, he was informed that he would use the Breaux Bridge Post Office and that the address was designated in Breaux Bridge, Louisiana.
Q. Did you have a mailbox at the location where this shooting range was?
A. We had a mailbox off the side of the road, across the road, from the entrance to the Gun Club.
Q. Did you have an employee who worked at the premises?
A. Yea, we had a manager, Clayton Phillips.
Q. And he worked at the premises where the mobile home was?
A. Correct.
Q. And so you received your mail across the street?
A. Right. I think the address was 790 Lake Martin Road. We received mail there and if any mail other than that, that required a pickup, was picked up at the Breaux Bridge Post Office facility.

*1271 Q. And you had, in fact, picked up mail at Breaux Bridge from time to time?
A. From time to time. Not that often, but at times we would do it.
Q. Okay.
A. It was assigned to us, I think, out of Lafayette.
Q. You were assigned an address?
A. We were assigned, because of the routing, the mail delivery service in that area, even though it was in Lafayette Parish, the Club
. . . .
A. The Lafayette Post Office assigned us for any pickup, other than was going to the 790 address on Lake Martin Road, to pick it up in Breaux Bridge, because of the Zip Code, 70510. That particular road, I think, is a Baton Rouge [sic] Zip Code. So they said you had to go over there to Breaux Bridge.
Further, we find that the defendants could have informed the Secretary of State that its physical location was in Lafayette Parish, as opposed to St. Martin Parish, though the address states Breaux Bridge, Louisiana. In fact, defendants are required to report to the Secretary of State any changes in address. "After incorporation, a change in the location of the registered office may be authorized at any time by the board of directors. Within thirty days after the change is made, notice of the change ... shall be filed with the secretary of state in which the new office is located." La.R.S. 12:104(B)(1). Though this particular statute does not specifically address the circumstances presented in this case, we can properly deduce that the Secretary of State should be informed of any changes concerning the address and location of a corporation, including the necessity for clarifying the parish to which the registered office lies if there is the potential for dispute. After all, this is an official record that ordinary citizens rely on as valid information. Thus, we find that defendants' conduct or words represented to the plaintiffs that the situs of its registered office was in St. Martin Parish, based on the Breaux Bridge address.
Additionally, plaintiffs were fully justified in relying upon the Secretary of State's documentation which would lead the plaintiffs to conclude that St. Martin Parish was the proper venue to bring suit against the corporation. Several documents submitted to and issued by the Secretary of State by and on behalf of Louisiana Sporting Clays, Inc., utilized the Breaux Bridge address. If a citizen cannot rely on the Secretary of State's filings for accuracy, we are hard pressed as to what documents constitute an official source for public information. As a result, we find that plaintiffs were justified in relying on the Secretary of State's records.
Additionally, plaintiffs' changed their position as a result of relying on the Secretary of State's records. If not for these records, which are based on representations made by the corporation, plaintiffs may have pursued the venue issue further. Again, these records are official and reasonably relied upon by the public. Short of surveying the land, we find that there was no reasonable means by which the plaintiffs could have known that the address on file with the State would demonstrate that the property was located in Lafayette Parish. In fact, plaintiffs did not even realize that venue was at issue until after suit was filed. A corporation's initial report filed with the Secretary of State's constitutes an official record. *1272 Granted, these reports are only as correct as to the statements provided by the corporation. In Major, the fourth circuit stated that "the parish of the registered office is determined by [the] filings with the Secretary of State than the filings with the parish mortgage records." Major, 748 So.2d at 525. Moreover, we find that plaintiffs changed their position as they relied on the Secretary of State filings.
We are cognizant of the fact that equitable estoppel in this state is not favored, and is a doctrine of last resort that should not be used if the plaintiffs had the means to ascertain the parish of proper venue of the corporation. However, defendants have not shown this court that the plaintiffs had the means to determine that St. Martin Parish was not a proper venue. This exception to estoppel taken from the supreme court's analysis in Morris fits the facts of that case because there was positive written law concerning the statute of fraud which was equally accessible to both parties. However, we do not find that there was positive written law that was equally accessible to either party on this issue presented before us in this case. As a result, we find that defendants are estopped to deny plaintiffs' claims for improper venue and prescription.
The trial court transferred this case from St. Martin Parish to Lafayette Parish based on La.Code Civ.P. art. 121 which provides that "[w]hen an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue." The trial court implicitly recognized St. Martin Parish as an improper venue. St. Martin Parish indeed is a parish of improper venue. However, because of our application of the doctrine of equitable estoppel, the defendants are precluded from challenging the inappropriateness of this venue. We find that equitable estoppel does not transform St. Martin Parish into a proper venue. We conclude only that defendants may not challenge this venue. Thus, the trial court was proper in exercising its discretion under Article 121 in transferring this case to Lafayette Parish, the actual physical location of Louisiana Sporting Clays, Inc.

IV.

CONCLUSION
For the foregoing reasons, the judgment of the trial court, holding that defendants are estopped to deny plaintiffs', F.M. "Butch" Roberson and Pamela Roberson, cause of action for improper venue and prescription, is affirmed in all respects.
All costs of this appeal are assessed against the defendants, Lafayette Oilman's Sporting Clays Shoot, Inc., First Financial Insurance Company, Doss Bourgeois, and Ronald Tate, as joint and solidary obligors.
AFFIRMED.