ON REHEARING
PAINTER, Judge.
_|jWe grant the application of Defendant-Appellant, Kojis Construction, L.L.C. solely as to the issue of estoppel. After reviewing the facts and the applicable law, we find that payment of rent for three months did not act to estop the breach of lease claim. The lease contract provides that the landlord’s failure to exercise its rights under the lease promptly does not operate to forfeit such rights. Further,
[E]quitable estoppel applies only where a party has made false or misleading representations of fact and the other party justifiably relied on the representation. State v. Mitchell, 387 So.2d 1186, 1188 (La.1976). We must narrowly construe this argument, as “estoppel is not favored in our law,” Id., and estop-pel is a “doctrine of last resort.” How *1119 ard Trucking Co., Inc. v. Stassi, 485 So.2d 915, 918 (La.1986).
Waste Management of Louisiana, LLC v. Penn-America Ins. Co., 12-1038, pp. 5-6 (La.App. 3 Cir. 2/6/13), 110 So.3d 200, 204. The documents supporting the motions for summary judgment do not support application of this doctrine.
Therefore, we affirm our original opinion and affirm the trial court’s grant of summary judgment with regard to breach of lease.
AFFIRMED.