# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 13-523

STATE OF LOUISIANA

VERSUS

MARVIN LUKE STRACENER

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## THIRTIETH JUDICIAL DISTRICT COURT
## PARISH OF VERNON, DOCKET NO. R-3876-1994
## HONORABLE JOHN C. FORD, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Amy, J., dissents and assigns reasons.**

Terry W. Lambright, Assistant District Attorney
P.O. Box 1188
Leesville, LA  71446
(337) 239-6561
**ATTORNEY FOR PLAINTIFF/APPELLANT**
   State of Louisiana

Elvin C. Fontenot, Jr.
110 East Texas Street
Leesville, LA  71446
(337) 239-2684
**ATTORNEY FOR DEFENDANT/APPELLEE**
   Marvin Luke Stracener

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On September 13, 1991, Tina Gorman Stracener and Marvin Luke Stracener were divorced in Vernon Parish, Louisiana. On that date, the parties were granted joint custody of their minor child, with Tina being named primary custodial parent. Marvin was ordered to pay child support in the amount of One Hundred Ninety-Seven Dollars ($197.00) per month.

In 1994, the State of Virginia, where Tina then resided, requested the State of Louisiana collect arrearages from Marvin and that child support be increased due to a change in circumstances, i.e., the minor child was diagnosed with a learning disability and required special education. On October 12, 1994, the State of Louisiana and Marvin entered into a stipulation wherein he agreed to pay child support in the amount of Two Hundred Ninety-Five Dollars ($295.00) per month.

In April, 2010, the State of Virginia, on behalf of Tina, requested the State of Louisiana enforce Louisiana's previous child support order, collect arrearages, do an income withholding and file a lien against Marvin. The amount of the requested arrearages through March 31, 2010 was Thirty-Five Thousand Nine Hundred Fifty-One Dollars and 47/100 ($35,951.47).

A Motion and Order for Adjudication of Arrears was filed by the State of Louisiana and fixed for trial. After several continuances, the matter was heard on July 13, 2012. After taking the matter under advisement, the trial court rendered judgment finding the State of Louisiana was "equitably estopped from enforcing" the claim seeking child support arrearages. The trial court found Marvin, at Tina's request, executed a consent to adoption form on May 15, 1997 renouncing all his rights to the minor child. The trial court determined Marvin was in good faith in not making payments after May 1997, and it was Tina's actions that precipitated Marvin's conduct in not making support payments. Thus, the trial court found "in

2

the interest of justice, [Tina] is equitably estopped from enforcing this claim." A final judgment was rendered, and the State of Louisiana filed this appeal, asserting the following assignment of error:

> 1. The trial court erred in ruling the State of Louisiana was equitably estopped from enforcing a Child Support Judgment after an execution of a consent to an adoption.

## ANALYSIS

The record established in 1994 a stipulation was reached wherein Marvin agreed to pay child support in the amount of Two Hundred Ninety-Five Dollars ($295.00) per month. In 1997, Marvin received a letter from Alyson Eberting, a Naval Reserve Legal Assistance Attorney, requesting Marvin sign a consent to an adoption and informed Marvin such consent would include "termination of your parental rights and support obligations." Marvin testified he discussed this with his ex-wife, and was under the belief that she and her then husband, who was in the military, wanted to adopt the child so the child could receive health benefits through the prospective step-father's military employment.

Shortly thereafter, Marvin received a document entitled "Final Forfeiture of Rights" which stated in part that he would "no longer have a right to visitation or contact with the child nor [would he] have any legal responsibilities such as morally or financially." Marvin signed and dated the document in the presence of a Notary Public, who also signed the document. However, there were no witnesses present at the execution of the document.

The third document sent to Marvin, which the State acknowledges was "styled in the matter of a court proceeding in the State of Virginia," was titled "Consent of Father." The document stated by giving his consent, Marvin was agreeing to "renounce and waive forever any and all rights that I have and hereby release said child for adoption." This document was signed on May 15, 1997 by

3

Marvin in the presence of a Notary Public, who also signed the document. However, there were no witness signatures on the document.

The trial court noted there was nothing in the record to establish whether the child was adopted or not. The State maintained while a step-parent adoption was clearly planned, it was never completed and no Judgment of Adoption appears in the record. Marvin testified he assumed the adoption occurred. Tina was not present at the hearing.

Further, it is maintained the three documents signed by Marvin, while indicative of his desire to terminate his parental rights, are nevertheless not sufficient to terminate those parental rights. However, the trial court did not base its judgment on the actual termination of Marvin's parental rights. Instead the trial court ruled that in the interest of justice, Tina was equitably estopped from enforcing the claim for arrearages. This court, in *Roberson v. Lafayette Oilman's Sporting Clays Shoot, Inc.*, 02-1275, 02-369, pp. 4-5 (La.App. 3 Cir. 4/30/03), 845 So.2d 1267, 1270, *writ denied*, 03-1531 (La. 9/26/03), 854 So.2d 370, discussed the doctrine of equitable estoppel:

> Equitable estoppel or 'estoppel in pais' can be defined as the effect of the voluntary conduct of a party whereby he is barred from asserting rights against another party justifiably relying on such conduct and who has changed his position to his detriment as a result of such reliance. Thus, there are three elements of estoppel: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance.
>
> *Elliott v. Catahoula Parish Police Jury*, 02-09, p. 1 (La.App. 3 Cir. 5/8/02), 816 So.2d 996, 997 (quoting *Wilkinson v. Wilkinson*, 323 So.2d 120, 125 (La.1975)).

We find it reasonable to assume that Marvin stopped paying child support because he believed he was relieved of his obligation to do so. Marvin testified he was never contacted by any party concerning any non-payment of child support in the thirteen-year period between the signing of the documents above in 1997 until

4

the filing of this claim in 2010. The trial court specifically noted there "is nothing in the record [to] establish that Support Enforcement had a problem with lack of payments after May 1997." The trial court also found Marvin to be in "good faith in not making payments after May 1997" and stressed that it was Tina's actions that "precipitated [Marvin's] conduct and that [she] acquiesced in [Marvin's] failure to pay . . ."

In advancing its position that the trial court erred in denying its motion to fix arrearages, the State argues "[i]f an individual can just execute notarial documents relieving themselves of their parental rights, responsibilities and obligations, we would encourage parents that did not want to support their children to execute such a document." This argument ignores the fact that Marvin executed these notarial documents at the *behest of his ex-wife* and was never informed either that the adoption was not legally completed or that he owed any support payments until thirteen years later.

The State also argues Marvin took no meaningful steps to determine whether the adoption was ever completed. However, the testimony of Jana LaBaron, an employee with the Department of Child and Family Services, noted that adoption records are confidential and acknowledged she was unsure if the State of Virginia would provide the necessary records to determine if the adoption was completed. Moreover, the Final Forfeiture of Rights document sent to Marvin specifically stated he "will not be notified of any future status with the child."

Under the circumstances presented, we find the trial court did not err in finding the doctrine of equitable estoppel was applicable in this case. Marvin relied on several documents representing that an adoption, which would relieve him of all financial responsibility regarding child support, was planned. The documents were sent at the behest of his ex-wife, and Marvin testified he consulted with an attorney to understand the effect of these documents. Thus, his reliance on

these documents was justified. Further, his belief that he was relieved of his support obligations was only enhanced by the fact that he was not contacted by any party for any failure to pay for thirteen years. The State's current action to collect arrearages of $35,951.47 clearly has created a detriment to Marvin. For these reasons, we find the trial court did not err in holding the State of Louisiana was equitably estopped from enforcing the claim for child support arrearages.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant, the State of Louisiana.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules— Courts of Appeal, Rule 2-16.3.

6

NUMBER 13-523

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

MARVIN LUKE STRACENER

AMY, J., dissenting.

I respectfully dissent from the majority's decision to affirm the trial court's judgment.

In my opinion, there is not sufficient proof in the record concerning the outcome of the adoption proceedings or the resolution or finalization of any purported agreement concerning child support. For those reasons, I would reverse the judgment of the trial court and remand for further proceedings.